(January 25, 1886.)

## JONES v. QUANTRELL.

[9 Pac. 418.]

APPEAL—NOTICE—ADVERSE PARTY.—One of two defendants appeared generally in the action, the other specially, and moved to quash summons, after which joint judgment was rendered against both of them, and the one who appeared specially appealed. *Held,* that the other defendant was an adverse party to the appeal, and should be served with notice thereof.

SAME—DISMISSAL OF APPEAL.—An appeal will be dismissed on motion where all the adverse parties are not served with notice of appeal.

APPEAL from District Court, Alturas County. Appeal dismissed.

A. F. Montandon, for Appellant Ward.

The court erred in overruling appellant's motion to quash service of summons on him, and in sustaining respondent's motion to quash appellant's motion, and for this purpose appellant could appear specially. (*Deidesheimer v. Brown,* 8 Cal. 340; *Gray v. Hawes,* 8 Cal. 569; *Lyman v. Milton,* 44 Cal. 631; *Kent v. West,* 50 Cal. 185; *Linden Gravel Min. Co. v. Sheplar,* 53 Cal. 245; *Lindler v. Flemming,* 47 Cal. 614; *Elbridge v. Kay,* 45 Cal. 49; *Lung Chung v. N. P. R. R. Co.* (U. S. Dist. Ct. Or.), 2 West Coast Rep. 88; *Atchison, etc. Ry. Co. v. Nichols*

(Colo.), 6 West Coast Rep. 168; *Harkness v. Hyde,* 98 U. S. 476.) There was no waiver of special appearance on motion to quash by thereafter filing a qualified demurrer. (*Deidesheimer v. Brown,* 8 Cal. 340; *Gray v. Hawes,* 8 Cal. 569; *Lyman v. Milton,* 44 Cal. 631; *Kent v. West,* 50 Cal. 185; *Harkness v. Hyde,* 98 U. S. 476.)

Kingsbury & McGowan, for Respondent.

No special appearance is allowable in a case, except to raise jurisdictional questions. If a party so far appears to call into action the powers of the court for any purpose except to decide upon its own jurisdiction, it is a full appearance. (*Clark v. Blackwell,* 4 G. Greene (Iowa), 44; *Grantier v. Rosecrance,* 27 Wis. 488; *Anderson v. Coburn,* 27 Wis. 558; *Curtis v. Jackson,* 23 Minn. 268.)

HAYS, C. J.—This was an action brought to foreclose a mortgage given by defendants to respondent on property situate in Alturas county. The complaint, among other things, sets out that the defendants gave their joint notes to respondent for $850, with interest thereon. To secure the payment of said notes they made, executed, and delivered their joint mortgage on property therein described. It appears that this action to foreclose the mortgage was duly commenced, and defendant Quantrell appeared in the court below. Defendant Ward, through his attorney, appeared specially, and moved the court to vacate the service of the summons on account of alleged defective service, and also filed and served a demurrer to the complaint. The motion and demurrer were each overruled, and judgment of foreclosure entered; also judgment entered for any deficiency that might be found due after applying the proceeds from sale of mortgaged premises. The defendant Ward appeals from said judgment, and from the whole thereof. Quantrell does not appeal, and did not appear in this court. The notice of appeal was addressed to the plaintiff alone. Upon the hearing of the case respondent asks to have the appeal dismissed, and denies the jurisdiction of this court on the ground that Quantrell was an adverse party to appellant, and that no notice of appeal was given to him.

The code provides that any party aggrieved may appeal. By the term "any party" we understand any person who is a party to the action. The party or person appealing is known as the appellant, and the adverse party as the respondent. The appeal is taken by filing with the clerk of the court in which judgment is entered a motion stating they appeal from the judgment, or some specified part thereof (Code, sec. 643) and serving a similar notice on the adverse party.

The question now arises, Is Quantrell an adverse party within the meaning of this section of the code, under the circumstances of this case? It was held in *Senter v. De Bernal,* 38 Cal. 637, that every party whose interest in the subject matter of appeal is adverse to, or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken, is an "adverse party," within the meaning of the code, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervener, Such, in substance, has been held by many other authorities. Such being the law, we must hold that Quantrell is an adverse party from the facts as they appear in this case, as he may be seriously affected by the reversal or modification of the judgment. He should therefore have been served with the notice of appeal. As it was not so served, and he has not appeared in this court, the appeal must be dismissed. (*Parker v. Denny,* 2 Wash. Ter. 360, 7 Pac. 892; *Luco v. Commercial Bank of San Diego* (Cal.), 8 Pac. 274; *People v. Center,* 66 Cal. 551, 5 Pac. 263, 6 Pac. 481; *Mills v. Brown,* 16 Pet. 525.)

It is so ordered.

Buck and Broderick, JJ., concur.