(January 28, 1890.)

## COFFIN ET AL. v. EDGINGTON ET AL.

[23 Pac. 80.]

DEATH OF PARTY—SUBSTITUTION.—After judgment was rendered, and before notice of appeal was filed or served, one of the defendants died, no substitution having been made; held, that all proceedings on the appeal were null and void as to the representatives of the deceased defendant.

SERVING NOTICE OF APPEAL.—If a party to an action dies after the rendition of judgment and before filing and serving notice of appeal, the authority of the deceased's attorney to act terminates, and any subsequent action of the attorney before substitution will not bind the representatives of the deceased or any other party in interest.

SAME.—Any party to an action, whether plaintiff or defendant, may appeal, but the notice of appeal must be served on all parties who would be affected by any order of the appellate court, whether said parties be plaintiffs or defendants or interveners.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

Lyttleton Price, F. E. Ensign and V. S. Anderson, for Appellants.

No brief filed.

Kingsbury & McGowan, for Respondents.

Appeal taken under section 4808 of the Revised Laws. Notice must be served on each adverse party. (*Williams v. Santa Cruz Min. Assn.*, 66 Cal. 193, 5 Pac. 85; *Senter v. De Bernal*, 38 Cal. 637; *In re Medbury*, 48 Cal. 83; *Reed v. Allison*, 61 Cal. 461; *O'Kane v. Daly*, 63 Cal. 317.) "Adverse" party defined. (Hayne on New Trial and Appeal, pp. 630, 631; *Senter v. De Bernal*, 38 Cal. 64; *Randall v. Hunter*, 69 Cal. 80, 10 Pac. 130; *O'Kane v. Daly*, 63 Cal. 317.) Death revokes the authority of an attorney. (Hayne on New Trial and Appeal, 631; *Judson v. Love*, 35 Cal. 463; *Shartzen v. Lou*, 40 Cal. 96; *Sheldon v. Dalton*, 57 Cal. 19.)

SWEET, J.—These are appeals from the second district. It is unnecessary to make a statement of the facts involved in the case. It is here presented on a motion by the respondents to dismiss the appeals, and a review of the proceedings in connection therewith will enable us to dispose of the issue at bar.

On the ninth day of October, 1889, E. C. Coffin, R. W. Berry, J. M. Burkett, and W. H. Redway, doing business under the firm name of Coffin & Co., obtained a joint and several judgment against A. P. Turner, C. J. Edgington, W. H. Nye, V. S. Anderson and J. S. Lewis for the sum of $933.35, with interest. On the eleventh day of October, 1889, defendants filed and served their notice of appeal. Defendants appeal from the judgment, as well as from the order overruling the motion for a new trial. The appeals were perfected, and the cause was regularly

called for hearing in this court. The respondents submit two motions; one of them being a motion to dismiss both appeals. The other asks for an order of this court affirming the judgment of the court below as against appellants T. J. Edgington and J. S. Lewis. The motions were not presented in this order; but, for reasons that will appear, we consider the second motion first. The second motion is based upon an affidavit made by R. W. Berry, one of the plaintiffs, in which he sets forth the fact that after the entry of the judgment in the court below, "and before the notice of appeal herein was filed or served, and before any of the proceedings on the said appeals were had or taken," defendant Lewis died. The facts set forth in the affidavit are admitted. The affidavit of Berry was filed in this court before the cause was called for argument. This was the proper time to direct the attention of the court to the fact, and the manner adopted was approved in *Judson v. Love,* 35 Cal. 467. It further appears from the transcript, as well as from the admissions of counsel, that no substitution of the personal representatives of the deceased defendant was had in the lower court prior to the proceedings had on appeal, and that the attorney for Lewis acted in behalf of the latter's representatives, in said proceedings, without authority.

The question presented is as follows: Has this court jurisdiction to hear and determine this appeal, in view of the fact that all of the proceedings taken and had on the appeal were subsequent to the death of said defendant Lewis? We think not. In the case of *Sheldon v. Dalton,* 57 Cal. 19, the court say: "There were two plaintiffs in this case, one of whom died before this appeal was taken. There was no suggestion of the death, and no substitution of the personal representative of the deceased plaintiff. It is conceded that the appeal was prematurely taken, and the motion to dismiss is granted." In the case of *Judson v. Love,* 35 Cal. 466, the same question was involved. Judge Sawyer, speaking for the court, uses the following language: "A motion is made to dismiss the appeal as to the defendant Love, based, firstly, upon exceptions to the transcript; and secondly, upon affidavits filed showing that defendant Love died on the 15th of March, 1866, after the rendition of the verdict in the court below, and before any notice of intention to move

for a new trial was given, on the ground that all subsequent proceedings, and motion for new trial, and the attempt to appeal, are void and ineffectual for any purpose as to said defendant Love and his successors in interest, for want of any proper party to the suit, or of any person upon whom a valid service of papers could be made." Again, the court say: "It is clear that all these proceedings, except the entry of judgment on the verdict before rendered, had since the death of defendant Harlow S. Love, on the fifteenth day of March, 1866, are irregular and void as to him, and his successors in interest. There was from that time forth no party before the court as to the interest of Love in the matter in controversy, and no one authorized to represent it. The power of attorney necessarily ceased with the death of the principal. No further proceedings could be had without bringing in the representatives of Love. The Practice Act authorizes a judgment to be entered upon a verdict when a party dies after verdict and before judgment, . . . . but this is as far as it goes. *Warren v. Eddy,* 13 Abb. Pr. 30, is in point. Notice of argument had been served on the attorney of defendant after the death of the latter. The court say: 'At the time of the service of the notice, J. W. Culver could not act for a dead man, and he had no authority to act for or represent the estate. The order of the general term for affirmance by default, founded on such notice, was therefore irregular, inasmuch as it was made without notice to any one representing the estate of Daniel F. Eddy.' " Again, the court say: "His former attorney could not give a notice of motion for new trial or of appeal that would be effectual, for he had ceased to have any authority in the matter. If he has no authority to give such notice, he has none to receive one, or act upon it, in the further stages of the proceedings, when it is received. He has become a stranger to the proceedings." It is unnecessary to quote authorities further upon this point. The principle is well known and thoroughly established. It is evident, therefore, that no proceedings can be had in this court affecting the interests of the representatives of the deceased defendant.

The next question is, Could an appeal be taken by the defendants in this case before a substitution was made? It would seem to be impossible. The judgment rendered against defendants

was joint and several in its character.   No decision of this court
can be rendered affecting one of the defendants without affect-
ing all.   This fact makes them adverse parties, within the stat-
ute.   It may be worth while to define the meaning of "adverse
party," as contemplated by law.   In *Senter v. De Bernal,* 38
Cal. 640, the court say: "The question is as to the meaning of
the words 'adverse party,' as here used; and as to that we think
there can be no rational doubt.   Every party whose interest in
the subject matter of the appeal is adverse to, or will be affected
by, the reversal or modification of the judgment or order from
which the appeal has been taken, is, we think, an 'adverse party,'
within the meaning of these provisions of the code, irrespective
of the question whether he appears upon the face of the record
in the attitude of plaintiff or defendant or intervener.   Such
was declared to be the meaning of this language as used in the
statutes and rules of the court of chancery of New York prior
to the adoption of the code in that state."   Our statute allows
an appeal to any and every person who may feel aggrieved; but
it requires of the appellant that he shall serve a notice of his
appeal upon all parties who may be affected by any decision the
appellant court may render affecting the interests of the parties.
This cause clearly comes within the rule, as any decision affect-
ing the interests of the representatives of Lewis must certainly
affect the other defendants to the action.   In the case of *Thomp-
son v. Ellsworth,* 1 Barb. Ch. 627, after stating that any person
may appeal, whether the judgment against him be joint or sev-
eral, the court say that he is required to notify all other parties
who are interested in opposing the relief which he seeks by his
appeal, if they have formerly appeared in the action in the court
below, or his appeal, as to those not served, will prove ineffect-
ual; and also as to those served, if the relief sought is of such a
character that it cannot be granted as to the latter without being
granted as to the former, also.

It is further urged by counsel for respondents that this appeal
should be dismissed for the reason that the undertaking was
served prior to the notice of appeal.   It is unnecessary to go into
the merits of this question, inasmuch as the appeal must be dis-
missed for the reasons already stated.

But appellant asks that, in the event of an order of dismissal, the appeal be dismissed without prejudice. We do not see any reason why the representatives of defendant Lewis, in whose interest the appeal is taken, cannot appeal to-day, if they so desire. Each and every step taken in the proceedings had on appeal is utterly void. The representatives of the deceased defendant are not bound by them. In short, no appeal has been taken. Therefore the rights of the representatives of Lewis cannot be prejudiced. However, section 4823 of the Revised Statutes provides that "the dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal." The court may, unquestionably, order the dismissal of an appeal without prejudice; and perhaps it is always safer to do so, when the facts justify it.

The motion submitted by respondents asking that the judgment be affirmed as against Lewis and Edgington is practically disposed of by the authorities cited. If this court is without jurisdiction of the defendants, it certainly cannot make an order that would be binding upon them; and that no such jurisdiction has been acquired is evident. The motion, therefore, to affirm the judgment as against Lewis and Edgington is overruled, and the motion to dismiss the appeal as to all the defendants is granted, without prejudice to another appeal.

Beatty, C. J., and Berry, J., concur.