(December 13, 1897.)'

## LYDON v. GODARD.

[51 Pac. 459.]

APPEAL—NOTICE OF APPEAL—SERVICE OF NOTICE.—W. appealed from a joint judgment against her and G., but failed to serve notice of appeal on G. The respondent moved to dismiss appeal. *Held*, that G. was an adverse party to W. on the appeal, and that notice of appeal should have been served on G.

CERTIFICATE OF TRANSCRIPT—COST OF PROCURING.—Appellant's attorney presented to the attorney for respondent a transcript on appeal for certification, and the attorney for respondent refused to certify the transcript, or to point out any errors therein. *Held*, that the appellant should recover the cost of procuring a certification of the transcript from the respondent.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellant, cites no authorities nor makes any argument on the point decided by the court.

James E. Babb, for Respondent, files no brief.

QUARLES, J.—The respondent moved to dismiss this appeal, which is brought here from a judgment in favor of the respondent (plaintiff below), and against the appellant, Edna G. Ward, and Mary E. Godard, jointly, on the ground that said Godard did not join in the appeal, and was not served with notice of appeal. The judgment being joint, said Godard was a necessary party to the appeal; and, not joining in the appeal, it was necessary to serve upon her, as an adverse party, the notice of appeal. (*Coffin v. Edington*, 2 Idaho, 627, 23

Pac. 80; *Jones v. Quantrell,* 2 Idaho, 153, 9 Pac. 418.) For the foregoing reasons the appeal herein is dismissed without prejudice to another appeal.

It is made to appear to this court that the attorney for the appellant presented to the attorney for the respondent the transcript on appeal for certification, and that the attorney for the respondent refused to certify the transcript, or to point out any error therein. Rule 27, paragraph 9, of this court, provides that: "If a party shall present to the attorney of the adverse party a transcript on appeal on a civil cause, and request his certificate that the same is correct, and said attorney, upon such request, shall, for a period of five days, neglect or refuse to join in such certificate, or, if it be incorrect, shall neglect or refuse for the same time to serve upon the party making the request a written statement of the particulars in which the transcript is incorrect, or, upon the presentation of the transcript corrected in the particulars thus specified, shall still neglect or refuse, for a period of two days, to join in such certificate, the cost of procuring a certificate to such transcript from the clerk of the proper court shall be taxed against the party whose attorney so neglects or refuses." (32 Pac. xi.) It is urged by the respondent that that part of rule 27 above quoted is void, for the reason that this court has no power to make said rule. In support of this contention, we are cited to the case of *Loftus v. Fischer,* 113 Cal. 286, 45 Pac. 328. A careful consideration of the decision in the case cited convinces us that it has no application to the case before us. In that case the supreme court of California says: "The code provides the mode by which the appellant shall bring his appeal to this court, and, as one of the steps in the process, that the clerk shall certify to the correctness of the contents of the transcript." We must take it for granted that the supreme court of California correctly states and interprets the code of that state. Section 4821 of the Revised Statutes of our state, authorizes the certification to the transcript to be made "by the clerk or the attorneys." The rule under consideration does not conflict with said statute, as did the California rule. In *Potter v. Talkington,* ante, p. 316, 49 Pac. 14, this court stated the object of the rule, and we there said that "it is in-

cumbent on this court to see that the rule is enforced." Inasmuch as costs on appeal are within the control and discretion of the court, and the rule in question was adopted for the benefit of both parties, and for the public good, we see no reason why it should not be enforced. It is to the interest of litigants, the interest of the court, and of the public, that correct transcripts, containing all of the record of the case necessary on the appeal, and no more, should be inserted in the transcript. Respondent's attorney must necessarily, sooner or later, examine the transcript. It works no hardship on him to examine the transcript before it is filed, and when he does so, and points out errors and omissions, it tends to prevent motions to strike out portions in the transcript, and suggestions of diminution of the record, which not only cause annoyance to the court, but delays in litigation. The well-known and highly commendable liberality and courtesy of members of the bar, and the fraternal feelings that animate them in their intercourse with each other, are in consonance with the object sought to be promoted by the rule in question. Costs of procuring a certification of the transcript on appeal in this case are awarded to the appellant. The respondent's costs on this appeal are awarded to him, against the appellant.

Huston, J., concurs.

SULLIVAN, C. J., Dissenting.—I cannot concur with the majority of the court. Paragraph 9 of rule 27 of the rules of this court provides that if a party shall present to the attorney for the adverse party a transcript on appeal in a civil cause, and request his certificate that the same is correct, and the attorney shall fail or neglect or refuse to join in such certificate, the cost of procuring a certificate to such transcript from the clerk shall be taxed against the party whose attorney so neglects or refuses. In *Loftus v. Fischer,* 113 Cal. 286, 45 Pac. 328, the supreme court of California (under a statute and rule like our own, as I understand it), when considering the question involved in this case, said: "The code provides the mode by which the appellant shall bring his appeal to this court, and, as one of the steps in the process, that the clerk shall

certify to the correctness of the contents of the transcript. In this case it appears that the law values the services of the clerk, so rendered, in the sum of $126. The claim of appellant is that by its rule this court could compel, and does compel, respondent's counsel to give his money, or its equivalent in service, to appellant in an adversary proceeding for the taking of an appeal, which it is the duty of appellant to perfect, or, for his failure, to pay the cost of the clerk's certification to the appellant, regardless of the merits or outcome of the appeal. This claim is not sound, nor has this court the power to compel the performance of such service under penalty for refusal. The costs of the appeal are, by law, in the first instance, to be borne by the appellant. The respondent, in case the appeal is successful, may protect himself against the payment of the costs of certification by having previously stipulated to the correctness of the transcript. But he is not obliged, and cannot by order or rule of court be compelled, to perform this labor." Under our statute the costs of the appeal are, by law, in the first instance, to be borne by the appellant; and I doubt the authority of this court to impose a penalty on the respondent because his attorney refuses to certify a transcript, and thus indirectly make the respondent pay the costs that the law requires the appellant to pay in perfecting his appeal. We have a transcript submitted at the last term of this court containing about five hundred printed pages; and for this court, by rule, to require the respondent's attorney to certify that transcript, under penalty, to be visited on his client, for a refusal or failure to do the work, which the law would allow the clerk several hundred dollars for performing, seems to me to be beyond the power conferred on the court by the provisions of section 3863 of the Revised Statutes, which is as follows: "Every court of record may make rules not inconsistent with the laws of this state, for its own government and the government of its officers; but such rules must neither impose a tax or charge upon any legal proceeding nor give an allowance to any officer for services." The rule referred to is in violation of the provisions of said section, so far as it imposes a penalty on the respondent. The court by said rule changes the law in regard to payment of costs of the certification of a transcript,

and imposes a penalty on the respondent by reason of his attorney's refusal to perform services that the law imposes on the clerk, and prescribes his compensation therefor. The attorney may certify the transcript, but this court is not authorized to impose a penalty on the respondent for a refusal to do so. The statute requires the appellant to pay the costs of his appeal, in the first instance, and a rule that requires the respondent's attorney to do part of the work necessary to perfect such appeal, or, in case he refuses, imposes a penalty on the respondent, is clearly in violation of the provisions of sections 4818-4820 of the Revised Statutes. Said sections require the appellant to furnish a transcript of the record of the court below to the appellate court; and a rule that requires a respondent to furnish any part of said record, or to pay therefor, in the first instance, is in conflict with the provisions of said sections, and in conflict with said section 3863, in that said section prohibits the court from making any rule "inconsistent with the laws of the state." The conclusion is that that part of said rule which imposes a penalty on the respondent, provided his attorney neglects or refuses to certify a transcript, is void, as being inconsistent with the provision of the sections of the Revised Statutes above cited. This court has no power to compel the attorney for the respondent to perform part of the labor necessary to perfect an appeal, or, in case of his refusal to do so, to make respondent pay any part of the costs of such appeal because of such refusal.