(May 9, 1898.)

## LEWISTON NATIONAL BANK v. TEFFT.

[53 Pac. 271.] .

PRACTICE—NONJOINDER OF PARTIES—ADVERSE PARTY.—In an appeal by one of two defendants from a judgment and decree of foreclosure, wherein a joint judgment was rendered against both, the defendant not joining in the appeal is an adverse party, and should be served with notice of appeal.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James W. Reid, for Appellants, cites no authorities on the point decided by the court.

James E. Babb, for Respondent, files no brief.

HUSTON, J.—This is an action to foreclose a mortgage executed by Albert P. Tefft and Carrie M. Tefft. A joint judgment and decree was rendered against both. From this judgment and decree Carrie M. Tefft appeals. There were other parties made defendants, some of whom appeared; others made default.

Two of the defendants, Carrie M. Tefft and Mary E Osborn, join in the appeal. Respondent moves to dismiss the appeal upon the ground that no notice of appeal was served upon Albert P. Tefft, against whom a joint judgment was rendered. Under the rule as given by this court in *Lydon v. Godard*, 5 Idaho, 607, 51 Pac. 459, Albert P. Tefft was an adverse party, and should have been served with notice of appeal. (See *Lydon v. Godard, supra*, and cases there cited.) Motion allowed, and appeal dismissed, with costs to respondent.

Sullivan, C. J., and Quarles, J., concur.

ON REHEARING.

(May 27, 1898.)

Per CURIAM.—The petitioner claims that as Tefft has been released from all liability under the judgment of foreclosure, and the deficiency judgment against him had been satisfied,

he was no longer interested in the appeal, was not an adverse party, and therefore entitled to service of the notice of appeal. The release of the defendant Tefft from all liability under the judgment of foreclosure as well as the deficiency judgment was based upon the validity of the judgment. If, upon appeal, the judgment of foreclosure was reversed, set aside, or invalidated, the consideration for the release failed, and the plaintiff's right of action against Tefft was thereby revived, under the provisions of section 4498 of the Revised Statutes of Idaho. (*Cantwell v. McPherson,* 3 Idaho, 321, 29 Pac. 102, and cases there cited.) As stated by this court in *Cantwell v. McPherson, supra,* there is no difference, under the statutes of Idaho, between a sale under an execution and one upon an order of sale upon foreclosure of mortgage. The reversal or modification of the judgment upon appeal revived the liability of the defendant Tefft upon the original contract. How can it be said, then, that he was not an interested party? Rehearing denied.