'(December 10, 1903.)'

## TITIMAN v. ALAMANCE MINING COMPANY.
[74 Pac. 529.]

MOTION TO DISMISS APPEAL—SERVICE OF NOTICE OF APPEAL—ADVERSE PARTY.

1. Under the provisions of section 4808, Revised Statutes, the notice of appeal must be served on each party to the suit whose interest would be affected by a modification or reversal of the judgment or order appealed from, whether such party be plaintiff, defendant or intervener, and whether he appears or is in default.

2. A nonresident defaulting defendant may be served with notice of appeal under the provisions of subdivision 2, section 4889, Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court, Idaho County. Honorable Edgar C. Steele, Judge.

Appeal dismissed on ground of failure to serve notice of appeal on certain of defendants.

B. F. Tweedy and Crow & Williams, for Appellants.

It is certainly the rule that all adverse parties must be served with a notice of the appeal, and that codefendants are generally considered adverse parties within the meaning of this rule. However, there is one well-defined exception to this rule, viz., that defaulting parties do not have to be served with notice. John N. Ward and the Alamance Mining Company were both defaulting parties herein. Such parties do not need to be served with the notice of appeal. (*Albach v. Dahler*, 4 Idaho, 522, 43 Pac. 192.) "A reversal of the judgment appealed from would leave the appellant's codefendants *in statu quo*. Therefore, this appeal can in no way affect their rights, and for that reason they are not entitled to be served with the notice of appeal." "If the judgments entered by default against the bank and Hussey be valid, said defendants are not entitled to notice of appeal as adverse parties, or at all, for the reason that they have admitted by their default, the allegations of the complaint."

(*Boob v. Hall,* 107 Cal. 160, 40 Pac. 117; *Randall v. Hunter,* 69 Cal. 80, 10 Pac. 130; *Essency v. Essency,* 10 Wash., 375, 38 Pac. 1130; *French v. McCarty,* 110 Cal. 12, 42 Pac. 302; *McKeany v. Black* (Cal.), 46 Pac. 381; *Bliss v. Grayson,* 25 Nev. 329, 59 Pac. 888; *Home Sav. Bank v. Burton,* 20 Wash. 688, 56 Pac. 940.)

A. S. Hardy, for Respondents.

The court in the opinion cite all or nearly all of the cases in the brief of respondents upon the point decided.

SULLIVAN, C. J.—This is a motion to dismiss the appeal on three several grounds, to wit: 1. That a copy of notice of appeal was not served on the defendants, the Alamance Mining Company and John N. Ward; 2. That a copy of the transcript on appeal was never served upon respondents or their attorney; and 3. That the notice of appeal was not served within the time provided by law. There is nothing in the second and third grounds of the motion, as the notice of appeal, as shown by the record, was served in time, and a substantial copy of the transcript was served upon the attorney of the respondents.

As to the first ground of said motion: It is contended by counsel for appellant Jones that as the defendants, the Alamance Mining Company and John N. Ward, were in default and failed to appear in said action, it was not necessary to serve either of them with the notice of appeal, and cite in support of that contention *Aulbach v. Dahler,* 4 Idaho, 522, 43 Pac. 192, and cases from California and Washington.

Section 4808, Revised Statutes, provides *inter alia* that an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney.

Section 4807, Revised Statutes, provides the time in which appeals may be taken, and section 4932, Revised Statutes, prohibits the extension of the time fixed by law for the service of the notice of appeal.

Section 4808, *supra,* provides that the service of notice of appeal must be made on the adverse party or his attorney. The term "adverse party" as used in that section was construed by this court in *Aulbach v. Dahler, supra,* to mean every party whose interest in the subject matter would be affected by a modification or reversal of the judgment or order appealed from, irrespective of whether he is a plaintiff, defendant or intervener. See, also, *Jones v. Quantrell et al.,* 2 Idaho, 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Idaho, 627, 23 Pac. 80; *Lydon v. Goddard,* 5 Idaho, 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft,* 6 Idaho, 104, 53 Pac. 271.

*Senter v. De Bernal,* 38 Cal. 637, is the leading case in California under section 940 of the California Code of Civil Procedure, which is identical with our section 4808, and construes the term "adverse party" as follows: "Every party whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken is, we think, an adverse party within the meaning of these provisions of the code, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervener." This question has been passed upon a number of times by the supreme court of that state, and in Notes on California Reports, volume 3, at page 134, the decisions are cited.

In *Jones v. Quantrell,* 2 Idaho (Hasb.), 153, 9 Pac. 418, the case of *Senter v. De Bernal, supra,* is cited with approval. See, also, *Coffin v. Edgington,* 2 Idaho (Hasb.), 627, 23 Pac. 80; *Lydon v. Goddard,* 5 Idaho, 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft,* 6 Idaho, 104, 53 Pac. 271.

The supreme court of this state in *Aulbach v. Dahler,* 4 Idaho, 522, 43 Pac. 192, construes the term "adverse party," and there holds that as separate judgments were entered against the defendants on whom the notice of appeal was not served, they could not be affected by a modification or reversal of the judgment entered against the appellant defendant. The court in that case did not intend to, and did not, change the rule as laid down in any of the above-cited cases; while the latter part of

the opinion in that case might be construed to mean that it was not necessary to serve the notice of appeal on a defaulting defendant, it was not intended to hold that it was not necessary to serve the notice of appeal on a defendant who would be affected by a modification or reversal of the judgment even though he be in default. The citations of counsel for appellant from the state of Washington are not in point, for the reason that the statutes of that state, sections 1051 and 1052, Pierce's Code, are quite different from the provisions of said section 4808, Revised Statutes. Said section 1051 provides, among other things, that the appealing party may serve written notice of such appeal on the prevailing party or his attorney. It nowhere requires the service of notice of appeal upon every party to the action whose rights would be affected by a modification or reversal of the judgment or order appealed from.

It is clear that the Alamance Mining Company would be affected by a modification or reversal of the judgment appealed from, and should have been served with the notice of appeal.

Section 4889 et seq., Revised Statutes, provides how notices and other papers may be served. Under subdivision 2 of said section a nonresident defaulting defendant may be served with a notice of appeal by depositing the same in the postoffice.

The motion to dismiss must be sustained, and it is so ordered, with costs in favor of the respondent.

Stockslager, J., concurs.

Ailshie, J., took no part in the decision, having been of counsel in the case.

PETITION FOR REHEARING.

(Filed December 10, 1903.)

SULLIVAN, C. J.—A petition for a rehearing has been filed in this case, and after giving it careful consideration we think no reason is presented for granting a rehearing, and therefore a rehearing is denied.

Stockslager, J., concurs.

Ailshie, J., took no part in the decision.