(May 20, 1910.)

## THE DIAMOND BANK, Respondent, v. LU VAN METER et al., Appellants.

[108 Pac. 1042.]

NOTICE OF APPEAL—ADVERSE PARTY.

(Syllabus by the court.)

1. Under the provisions of Rev. Codes, sec. 4808, an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same or some specific part thereof, and serving a similar notice on the adverse party or his attorney.

2. "Adverse party" as used in this section of the statute means every party who has an interest in conflict with the reversal of the judgment or whose rights might be adversely or injuriously affected by a reversal of such judgment, irrespective of whether such party be plaintiff, defendant or intervenor.

3. Where a joint judgment is rendered against two or more parties, and an appeal is taken by one of the parties against whom such joint judgment is rendered, then all other parties against whom such joint judgment has been rendered are adverse parties, and notice of appeal must be served upon each in order to give this court jurisdiction.

4. Where H. and C. execute a mortgage upon real property, and the property is afterward transferred to K., who assumes and agrees to pay such mortgage, and K. thereafter transfers said property to M., who assumes and agrees to pay such mortgage, in an action to foreclose such mortgage, all of said parties are made defendants, and a joint judgment is rendered against all, foreclosing said mortgage and directing a deficiency judgment to be entered, and M. appeals from such judgment, the appeal will be dismissed upon failure to serve the notice of appeal upon H., C., and K., notwithstanding the fact that judgment by default was entered against them.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. Edward A. Walters, Judge.

Action to foreclose mortgage. Judgment for plaintiff. Defendant appeals. Appeal *dismissed.*

M. J. Sweeley, for Appellants, cites no authorities on point decided.

W. A. Babcock, and Stockslager & Bowen, for Respondent.

The respondent makes a motion to dismiss the appeal on the ground that the judgment is rendered against the appellant and the three other defendants, and that no notice of appeal was ever served upon the other defendants, and they do not join in the appeal.

"Adverse party," within the meaning of section 4808, has been defined by this court to be "every person whose interest in the subject matter of appeal is adverse to, or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervenor." (*Jones v. Quantrell*, 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington*, 2 Ida. 627, 23 Pac. 80; *Lydon v. Godard*, 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft*, 6 Ida. 104, 53 Pac. 271; *Titiman v. Alamance Min. Co.*, 9 Ida. 240, 74 Pac. 529; *Nelson Bennett Co. v. Twin Falls L. & W. Co.*, 13 Ida. 767, 92 Pac. 980, 13 Ann. Cas. 17.)

A deficiency judgment is rendered against Holzman, Claar and Hart. Having sold the property on the assumption that the property would be sold to pay the mortgage debt, they are interested in the decree, and if this court should set aside the judgment as against Mrs. Van Meter, or deny the right to a sale under foreclosure, the personal judgment against them still exists. They are jointly liable with Mrs. Van Meter under the decree, and certainly would be prejudicially affected by any modification or reversal.

The record should show service of notice of appeal upon these defendants. (*Anderson v. Knott*, 1 Ida. 626; *Adams v. McPherson*, 3 Ida. 718, 34 Pac. 1095; *Tootle v. French*, 3 Ida. 1, 25 Pac. 1091.)

STEWART, J.—This is an action to foreclose a real estate mortgage. The complaint alleges that on July 1, 1906, at the

city of Twin Falls, state of Idaho, R. H. Holtzman and John
N. Claar made their certain promissory note dated on that
date for the sum of $2,800, payable to the order of Lon
Warden on or before fifteen months after date; that to secure
the payment of said note said Holtzman and Claar on July
2, 1906, executed and delivered to Warden a mortgage on
certain real property situated in the then county of Cassia,
now county of Twin Falls, state of Idaho; that such mortgage
was acknowledged and recorded as provided by law in Cassia
county, and afterward transcribed into the records of what
is now Twin Falls county; that on August 13, 1906, and
before the maturity of such note, for valuable consideration
and in due course of business Warden sold, assigned, indorsed
and delivered said note to the plaintiff; that at the time of
the sale and assignment of such note the mortgage was also
delivered to plaintiff, who is now alleged to be the legal
owner and holder thereof; that on August 4, 1906, Holtzman
and Claar sold and conveyed the mortgaged premises to Job
K. Hart subject to said mortgage, and said Job K. Hart
covenanted and agreed to assume and pay the said note and
mortgage as part of the consideration and purchase price of
said premises; that Job K. Hart and wife on May 28, 1907,
sold and conveyed the mortgaged premises to Lu Van Meter,
and the said Lu Van Meter covenanted and agreed, as part
of the consideration for said conveyance and as part of the
purchase price of said premises, to assume and pay said note
and mortgage; that Baker A. Van Meter is the husband of Lu
Van Meter.

Service was made upon the defendants and they all defaulted
except the defendants, Lu Van Meter and husband, who filed
an answer, which in substance admitted that the plaintiff was
a foreign corporation, and denied that at the time the note
was transferred to plaintiff and at the time this action was
commenced it was not doing business in the state of Idaho,
and denied that the plaintiff is in the state of Idaho for the
sole purpose of bringing this action. The answer admits the
conveyance of the mortgaged property as alleged and denies
that either Hart or the defendant, Lu Van Meter, assumed or

agreed to pay the mortgage. The answer then alleges payment of the mortgage by Lu Van Meter through process of garnishment. The cause was tried to the court and a decree rendered which, among other things, adjudges:

"It is hereby ordered, adjudged and decreed that the plaintiff, the Diamond Bank, a corporation organized and existing under the laws of the state of Missouri, do have and recover from the defendants, R. H. Holtzman, John N. Claar, Job K. Hart, and Lu Van Meter, the sum of $1882.50, principal, interest and attorney's fees, and costs of court. . . . .

"It is ordered, adjudged and decreed, that all and singular the mortgaged premises mentioned in the said complaint and hereinafter described, or so much thereof as may be sufficient to raise the amount due to plaintiff for the principal and interest, attorney's fees and costs of this suit, and expenses of sale, and which may be sold separately without material injury to the parties interested, be sold at public auction by the sheriff of the county of Twin Falls in the manner prescribed by law and according to the course and practice of the court. . . . . That the defendants and all persons claiming, or to claim, from or under them, and all persons having liens subsequent to said mortgage by judgment or decree upon the land described in said mortgage, and their personal representatives, and all persons having any lien or claim by or under such subsequent judgment or decree, and their heirs or personal representatives, and all persons claiming to have acquired any estate or interest in said premises subsequent to the filing of said notice of the pendency of this action with the recorder, as aforesaid, be forever barred and foreclosed. . . . .

"And it is further ordered, adjudged and decreed, that if the moneys arising from the said sale shall be insufficient to pay the amount so found due to the plaintiff, as above stated, with interest and costs, and expenses of sale, as aforesaid, the sheriff specify the amount of such deficiency and balance due to the plaintiff in his return of said sale, and that on the coming in and filing of said return, the clerk of this court docket a judgment for such balance against the defendants,

R. H. Holtzman, John N. Claar, Job K. Hart, and Lu Van Meter, and that the said defendants pay to the said plaintiff the amount of said deficiency and judgment with interest thereon at the rate of seven (7%) per cent per annum, from the date of last-mentioned return and judgment and that the plaintiff have execution therefor."

From this judgment the defendant, Lu Van Meter, appeals. The notice of appeal was served upon the plaintiff and was not served on the defendants, Holtzman, Claar or Hart. The respondents move to dismiss the appeal upon the ground that notice of appeal was not served upon the defendants, Holtzman, Claar and Hart, they being adverse parties. Rev. Codes, sec. 4808, provides: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney." If Holtzman, Claar or Hart were adverse parties to appellant, then this appeal must be dismissed. "Adverse parties," as used in this statute, has been variously defined. Such definitions, however, have been based apparently on the particular facts of each particular case.

In *Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192, this court said: "Adverse parties on whom notice of appeal must be served are such parties as the reversal of judgment would affect." In *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529, this court refers to *Aulbach v. Dahler* and said: "The term 'adverse party' as used in that section was construed by this court in *Aulbach v. Dahler, supra,* to mean every party whose interest in the subject matter would be affected by a modification or reversal of the judgment or order appealed from, irrespective of whether he is a plaintiff, defendant or intervenor." And the court cites *Jones v. Quantrell et al.,* 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80; *Lydon v. Godard,* 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft,* 6 Ida. 104, 53 Pac. 271. The court then refers to the case of *Senter v. De Bernal,* 38 Cal. 637, as the leading case in California, construing a section

of the California code identical with sec. 4808 of the Rev. Codes of this state, and quotes from that case as follows: "Every party whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken is, we think, an adverse party within the meaning of these provisions of the code, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervenor."

In the *Titiman v. Alamance Min. Co.* opinion the court further refers to *Aulbach v. Dahler*, and says that it construes the term "adverse party," and holds that as separate judgments were entered against the defendants on whom the notice of appeal was not served, they could not be affected by a modification or reversal of the judgment entered against the appellant (defendant), and announces this to be the general rule announced in other Idaho cases passing upon this question. In the case of *Nelson Bennett Co. v. Twin Falls etc. Co.*, 13 Ida. 767, 92 Pac. 980, this court again reviews this question and says: "The statute intends that a notice of appeal should be served upon all parties who have an interest in conflict with a reversal of the judgment, or whose rights would be adversely affected by a reversal of such judgment." That is, if a reversal of the judgment could affect or change the liability of a party to the judgment upon a retrial of said cause to his injury, then such party is an adverse party and must be served with the notice of appeal.

In the case of *Doust v. R. M. Bell Tel. Co.*, 14 Ida. 677, 95 Pac. 209, this court again considered a motion to dismiss an appeal upon the alleged ground that adverse parties were not served, and the court said:

"The transcript shows that the Telephone Co. and said Crane were sued jointly and a joint judgment was rendered against them for over $800. That being true, a reversal or modification of this judgment would adversely affect said Crane. He is therefore an adverse party. In order to give this court jurisdiction of the case on appeal, it is necessary that the transcript should show that the notice of appeal has

been served on each and every of the adverse parties, and unless the record shows proper service of the notice of appeal, the appeal will be dismissed on motion. (*Anderson v. Knott,* 1 Ida. 626; *Tootle v. French,* 3 Ida. 1, 25 Pac. 1091; *Adams v. McPherson,* 3 Ida. 718, 34 Pac. 1095; *Moe v. Harger,* 10 Ida. 194, 77 Pac. 645.) This court has held in numerous cases that all parties against whom a joint judgment has been rendered are adverse parties, and that the notice of appeal must be served upon each of them in order to give this court jurisdiction. (*Jones v. Quantrell,* 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80; *Lydon v. Godard,* 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft,* 6 Ida. 104, 53 Pac. 271; *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Baker v. Drews,* 9 Ida. 276, 74 Pac. 1130; *Nelson Bennett Co. v. Twin Falls Land & Water Co.,* 13 Ida. 767, 92 Pac. 980 [13 Ann. Cas. 17].)"

The case of *Lewiston Nat. Bank v. Tefft,* 6 Ida. 104, 53 Pac. 271, is very similar in principal to the case now under consideration. That was an action to foreclose a mortgage executed by Albert P. Tefft and Carrie M. Tefft. A joint judgment was rendered against both of said defendants. From this judgment and decree Carrie M. Tefft appeals. Other parties were made defendants, some of whom appeared and others made default. Carrie M. Tefft and Mary E. Osborn, two of the defendants, appealed. A motion was made to dismiss the appeal on the ground that notice of appeal was not served upon Albert P. Tefft, against whom the joint judgment was rendered; and in the opinion in that case the court held that Albert P. Tefft was an adverse party and should have been served with the notice of appeal. On rehearing the court says:

"The petitioner claims that as Tefft has been released from all liability under the judgment of foreclosure, and the deficiency judgment against him had been satisfied, he was no longer interested in the appeal, was not an adverse party, and therefore entitled to service of the notice of appeal. The release of the defendant Tefft from all liability under the judgment of foreclosure as well as the deficiency judgment.

was based upon the validity of the judgment. If, upon appeal, the judgment of foreclosure was reversed, set aside, or invalidated, the consideration for the release failed, and the plaintiff's right of action against Tefft was thereby revived, under the provisions of section 4498 of the Revised Statutes of Idaho. . . . . The reversal or modification of the judgment upon appeal revived the liability of the defendant Tefft upon the original contract.''

If a judgment is joint and is reversed, then the cause stands for retrial, and is in the same position as though never tried, and leaves all the parties to the suit in such position that they may urge as defenses any defense they may have. If, however, a judgment is several and grants relief against each defendant separately, then a reversal as to one defendant could not affect the judgment rendered against the other defendant. In the case at bar the judgment is joint and the same relief is granted against each of the defendants, that is, the court decrees the foreclosure and sale of the property mortgaged and directs that if sufficient is not realized from such sale to pay the judgment, then a judgment for such deficiency is directed to be entered against each of said defendants. If upon the appeal of Lu Van Meter the judgment should be reversed and upon retrial she should succeed in defeating the allegations of the complaint as to her assumption of and agreement to pay the mortgage, then of course even though the mortgage be foreclosed, a deficiency judgment could not be entered against her, and the deficiency judgment would then only stand against Holtzman, Claar and Hart, and in this respect certainly these three defendants would be adverse to the plaintiff upon this appeal and injuriously affected by such reversal. In other words, one of the issues presented by the pleadings as they now stand is whether Lu Van Meter assumed and agreed to pay the mortgage upon the property conveyed to her. Of course if she did assume and agree to pay such mortgage and the property mortgaged is insufficient to pay the judgment, and Hart pays such deficiency judgment, then under the decree as it now stands Van Meter would be liable to Hart for the amount thus paid;

but if on reversal Van Meter should be successful upon this particular defense, then Hart could not recover from Van Meter the amount paid upon the deficiency, and to that extent would be affected, and injuriously so, by a reversal of such judgment.

Pursuing this inquiry further, if the appeal of Van Meter should be sustained and the cause reversed, upon a reversal Van Meter would be permitted to amend her answer and urge other defenses than those at present contained in her answer, and upon such defenses might succeed in defeating the foreclosure of the mortgage entirely and leave the makers of the note wholly responsible upon a personal judgment.

In the case of *Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399, this court held: "The first assignment of error cannot be sustained. Under our code if, in a suit to foreclose a mortgage, a foreclosure should be denied, the plaintiff is, nevertheless, entitled to judgment for the amount of the mortgage debt shown by the pleadings and proof to be due him, against the defendants personally liable therefor." We think, therefore, there can be no question but that Holtzman, Claar and Hart are adverse parties to the appellant upon this appeal, under the provisions of Rev. Codes, sec. 4808, upon whom notice of appeal must be served. A safe rule to apply in determining whether a party to a judgment is adverse is, if the judgment be reversed and the cause again tried, could a judgment be entered which would injuriously affect the liability of such person by changing or increasing his liability or rights as fixed by the former judgment? If so, then such person is an adverse party within the meaning of the statute. Applying this rule to the facts of this case, it is apparent that Holtzman, Claar and Hart are adverse parties.

Counsel for appellant, however, contends that these parties defaulted, and because of such default they were not entitled to any notice of any proceedings in the action after such default has been entered. In support of this contention he cites Rev. Codes, sec. 4892, in part as follows:

"After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is

required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned in the action for want of bail.''

This section, however, does not modify or change the mandatory provisions of sec. 4808, *supra,* which requires that a notice of appeal shall be served on the adverse party or his attorney. The service of the notice of appeal is jurisdictional, and this court cannot acquire jurisdiction of an adverse party upon appeal, unless it appear that such party has been served with the notice of appeal. In the case of *Titiman v. Alamance Min. Co., supra,* in referring to the case of *Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192, this court said:

''The court in that case did not intend to, and did not, change the rule as laid down in any of the above-cited cases; while the latter part of the opinion in that case might be construed to mean that it was not necessary to serve the notice of appeal on a defaulting defendant, it was not intended to hold that it was not necessary to serve the notice of appeal on a defendant who would be affected by a modification or reversal of the judgment even though he be in default.''

And in the case of *Nelson Bennett Co. v. Twin Falls etc. Co., supra,* this court said: ''Where default is entered and the rights of the defendant cannot be prejudicially affected by further proceedings in the case, he is not entitled to any notice of such further proceedings.''

It is clear, therefore, that if a reversal of the judgment would adversely or injuriously affect a party to such judgment, whether such party was in default or appeared in the action, the statute requires such party to be served with notice of appeal. In this case Holtzman, Claar and Hart not having been served with the notice of appeal, and they being adverse parties, the appeal must be dismissed. Costs awarded to respondent.

Ailshie, J., concurs.

Sullivan, C. J., concurs in conclusion.