(April 23, 1912.)

BERLIN MACHINE WORKS, a Corporation, Appellant, v. BRADFORD-KENNEDY COMPANY, a Corporation, Respondent; DEHLBOM LUMBER CO., Intervenor.

[123 Pac. 637.]

ADVERSE PARTY—NOTICE OF APPEAL.

(Syllabus by the court.)

1. Where B. M. commences an action against B. K. for the recovery of the possession of personal property, and D. asks and is permitted to intervene, and denies the material allegations of the complaint and alleges that intervenor was the original purchaser of the property from plaintiff under a conditional sale, and that there has been no violation of the terms of the contract, and seeks damages, and after the evidence is in the court sustains a motion to nonsuit the intervenor on its cross-complaint and then sustains a motion made by the defendant and intervenor for a nonsuit against the plaintiff, *held*, that upon appeal the intervenor is an "adverse party" within the purview and meaning of sec. 4808, Rev. Codes, and that notice of appeal should have been served on the intervenor, and that for a failure to do so the appeal must be dismissed.

APPEAL from the District Court of the Eighth Judicial District for Bonner County.   Hon. Robert N. Dunn, Judge.

Action in replevin.   Judgment for defendant and intervenor.   Plaintiff appeals.   Appeal dismissed.

Myrvin Davis, for Appellant.

G. H. Martin, for Respondent.

Counsel cite no authorities on point decided.

AILSHIE, J.—A motion has been made to dismiss this appeal on the grounds that the notice of appeal has not been served on the adverse parties in action.   The appeal has been taken by the plaintiff, the Berlin Machine Works, and notice was served on the defendant, Bradford-Kennedy Company, but no service has been had on the intervenor, Dehlbom Lumber Company.

The question to be determined on this motion is: Was the intervenor, Dehlbom Lumber Company, an "adverse party" within the meaning of sec. 4808, Rev. Codes, as the same has been construed by the decisions of this court? (*Diamond Bank v. Van Meter*, 18 Ida. 251, 21 Ann. Cas. 1273, 108 Pac. 1042; *Nelson-Bennett Co. v. Twin Falls Co.*, 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980; *Reed v. Stewart*, 12 Ida. 699, 87 Pac. 1002, 1152; *Titiman v. Alamance Min. Co.*, 9 Ida. 240, 74 Pac. 529; *Lewiston Nat. Bank v. Tefft*, 6 Ida. 104, 53 Pac. 271; *Lydon v. Godard*, 5 Ida. 609, 51 Pac. 459; *Aulbach v. Dahler*, 4 Ida. 522, 43 Pac. 192.)

The action was commenced by the plaintiff against the defendant to recover possession of an "improved Band Resaw No. 285." It appears that plaintiff contracted to sell to Dehlbom Lumber Company a band resaw, and delivered possession thereof to the intervenor on a conditional sale contract whereby the title was to remain in the vendor and certain periodical instalments were to be paid, and upon the completion of payment of all the instalments the title should vest in the vendee.   Subsequently the intervenor delivered possession of the property to respondent under a contract or license. Payments were not made as stipulated in the contract, and the vendor of the property claimed the right to the possession of the property and commenced this action for the recovery thereof.   The Dehlbom Lumber Company asked and was per-

mitted to intervene. It joined the defendant in denying the material allegations of the complaint and filed a cross-complaint or counterclaim asking affirmative relief by way of damages sustained on account of breach of warranty and false representations.

The case was tried, and after the evidence was all in the court granted a motion nonsuiting the intervenor on its claim for damages and dismissed its cross-action. The court thereupon granted the motion of "defendant and intervenor for nonsuit of the plaintiff's action." Judgment was entered in accordance with these orders. This was an adjudication that the plaintiff had not established a cause of action and that the intervenor had not shown itself entitled to an affirmative judgment against the plaintiff for damages. The intervenor was out of court as to its affirmative action, but was still interested in defeating plaintiff's recovery. If the judgment of the lower court should be reversed, it would certainly adversely affect the intervenor. Intervenor must necessarily be interested in defeating any recovery by the plaintiff of this property from its licensee, lessee or vendee, since it originally contracted for the property under this conditional sale agreement which plaintiff alleged as the basis of its cause of action. It is true that intervenor was not a necessary party to the action, but it was at least a proper party and had a right to intervene under the provisions of sec. 4111, Rev. Codes. (See *Gold Hunter Min. Co. v. Holleman*, 3 Ida. 99, 27 Pac. 413; *Potlatch Lumber Co. v. Runkel*, 16 Ida. 192, 18 Ann. Cas. 591, 101 Pac. 396.)

After the Dehlbom Lumber Company had been allowed to intervene and the proceedings had been taken as above indicated, it was clearly an "adverse party" on whom notice of appeal should have been served and for failure to do so the appeal must be dismissed. It is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.