(March 19, 1915.)

JAMES CHAPMAN, Appellant, v. HERMAN BOEHM, W. B. McCARTNEY and S. THOMPSON, Respondents.

[147 Pac. 289.]

APPEAL—TIME FOR TAKING—MANNER OF TAKING—SERVICE OF NOTICE— DISMISSAL.

   1. Sec. 4807, Rev. Codes, as amended by chapter 111, Session Laws 1911, page 367, limits the time within which an appeal may be taken to the supreme court from a judgment rendered in a district court or an appeal from an inferior court to sixty days from the entry of judgment, and this court is without power to enlarge the time so fixed.

   2. Sec. 4808, Rev. Codes, provides the manner of taking an appeal and that service of notice thereof must be made on the adverse party or his attorney. Said section requires such notice to be served upon each party whose interest would be affected by modification or reversal of the judgment, and it must appear from the transcript that such notice has been so served or the appeal will be dismissed upon motion.

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

Action for damages. Judgment for defendants. Appeal *dismissed.*

A. S. Dickinson, for Appellant, cites no authorities on points decided.

J. W. Jones on motion to dismiss appeal.

This judgment was rendered on an appeal from the probate court of Bingham county, and this appeal was not taken within 60 days after the entry of said judgment, and motion to dismiss the appeal should be sustained. (*Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *McElroy v. Whitney,* 24 Ida. 210, 133 Pac. 118.)

MORGAN, J.—This action originated in the probate court of Bingham county, where it was originally tried, and from which court an appeal was taken to the district court of the sixth judicial district in and for the county of Bingham.

The trial resulted in a verdict and judgment in favor of all the defendants, which judgment was entered on November 18, 1913. On March 13, 1914, notice of appeal from said judgment was served upon John W. Jones, attorney for two of the defendants, and filed. It appears that when the clerk of the district court made his certificate as to the contents of the transcript he failed to certify that an undertaking on appeal to this court had been filed. Appellant has moved that a corrected certificate, by the said clerk, showing the filing of said undertaking, be substituted for that appearing in the record, which motion has been granted and said corrected certificate shows, among other things, that the appeal was taken on March 13, 1914, and that a good and sufficient undertaking on appeal was duly filed on March 14, 1913.

The respondents McCartney and Thompson have moved that the said appeal from the judgment be dismissed, for the reason that the same was not taken until more than sixty days had elapsed after the entry of said judgment.

The law fixing the time within which appeals may be taken from a district court to the supreme court in cases of this kind is to be found in sec. 4807, Rev. Codes, as amended by chap. 111 of the Session Laws of 1911, page 367, and the part thereof necessary to a decision upon said motion is as follows: "An appeal may be taken to the supreme court from a district court: 1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order, decision or action of a board of county commissioners; within sixty (60) days after the entry of such judgment."

It will be observed that nearly four months expired between the entry of the judgment and the attempted appeal therefrom in this case. The statute limits the time within which such an appeal may be taken to sixty days from the date of entry of judgment, and this court is without power to enlarge the time so fixed.

On February 5, 1914, a motion was made in the district court to set aside and vacate the verdict and judgment and for a new trial of the action, which motion was, on March 12, 1914, overruled. The appeal above mentioned, notice of which was filed on March 14, 1914, is also taken from the order denying and overruling said motion.

The said respondents McCartney and Thompson have moved in this court that the appeal from the order denying the motion for a new trial be dismissed. Said motion is based upon the ground, among others, that while there were three defendants in said action, one of whom was represented by one attorney and the other two by another, service of notice of the motion for a new trial, service of notice of appeal, service of the reporter's transcript and service of transcript on appeal were made only upon John W. Jones, Esq:, attorney for the respondents McCartney and Thompson, and no service of said papers, or any of them, was ever made upon respondent Boehm, or upon his attorney, Karl S. Fackrell,

Esq. The record fails to disclose upon whom the reporter's transcript or the transcript upon appeal were served. Rule 23 (96 Pac. x) of the rules of practice of this court is, in part, as follows:

"Written evidence of the service of the transcript upon the adverse party shall be filed therewith."

Upon the copy of the notice of motion for a new trial contained in the transcript appears the following notation: "Service by copy duly accepted by counsel for defendants," and upon the copy of the motion for a new trial contained in the transcript appears the following notation: "Service admitted by counsel for defendants." These notations are neither dated nor signed. The copy of the notice of appeal contained in the transcript bears the following indorsement: "Service duly admitted by counsel for defendants. 3/13/14. (Signed) John W. Jones, Atty. for McCartney & Thomas." There is no evidence of service upon either the respondent Boehm or his attorney, and the record discloses that said Boehm was a defendant in said case whose interest would be affected by modification or reversal of the judgment.

The statutory requirement for service of the notice of appeal is to be found in sec. 4808, Rev. Codes, and is, in part, as follows:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. . . . . "

Said section has frequently been interpreted by this court and has been held to require notice of appeal to be served upon each party whose interest would be affected by modification or reversal of the judgment appealed from, whether such party be plaintiff, defendant or intervenor. (*Jones v. Quantrell,* 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80; *Lydon v. Godard,* 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft,* 6 Ida. 104, 53 Pac. 271; *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Baker v. Drews,* 9 Ida. 276, 74 Pac. 1130; *Diamond Bank v. Van Meter,* 18

Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042; *Berlin Machine Works v. Bradford-Kennedy Co.*, 21 Ida. 669, 123 Pac. 637.)

It must affirmatively appear from the transcript that the notice of appeal has been served as required by said sec. 4808, or the appeal will be dismissed upon motion. (*Anderson v. Knott,* 1 Ida. 626; *Tootle v. French,* 3 Ida. 1, 25 Pac. 1091; *Adams v. McPherson,* 3 Ida. 718, 34 Pac. 1095.)

For the foregoing reasons the motions to dismiss said appeal will be granted.

In view of the foregoing conclusions reached by the court, a discussion of the other points raised by said respondents is not deemed to be necessary. Costs are awarded to the respondents McCartney and Thompson.

Sullivan, C. J., and Budge, J., concur.