## W. A. CALDWELL, APPELLANT, v. RICHARD RUDDY, RESPONDENT.

DISMISSING APPEAL.—If the record shows no notice of appeal, and it does not, in some way, affirmatively appear that a proper notice has been filed in the office of the clerk of the court below, the appeal will be dismissed.

APPEAL from the first judicial district, Nez Perce county. Motion to dismiss the appeal.

*Huston & Gray,* for the motion.

*A. E. Isham, contra.*

MORGAN, C. J., delivered the opinion. PRICKETT and
BUCK, JJ., concurred.

This cause was tried in Nez Perce county, in this terri-
tory, before the district court and a jury. It appears from
the record, that the cause has been twice tried; at what
time and before whom the first trial was had, does not ap-
pear. That said trial resulted in a verdict for defendant;
that afterwards a motion, based upon affidavits, was made
for a new trial. The above motion was heard by the Hon.
Norman Buck, by him sustained, and a new trial granted.
The plaintiff then interposed a motion for a continuance,
which was heard and overruled. The case then went to
trial, and on the twenty-second day of April, 1880, the jury
rendered a verdict against the plaintiff and in favor of the
defendant. A motion was then made to set aside the last
verdict, which was denied by the court below and final
judgment entered thereon, April 29, 1880. The plaintiff
sought an appeal to this court, although from what judg-
ment or order in the court below he desires to appeal, does
not appear, as no notice of appeal appears in the record.

Section 438, page 180, Revised Statutes, states that ap-
peals shall be made by filing with the clerk of the court
with whom the judgment or order appealed from is entered,
a notice stating the appeal from the same, or some specific
part thereof, and serving a copy thereof upon the adverse
party or his attorney.

Section 448 requires that "on an appeal from a final
judgment, the appellant must furnish the court with a copy
of the notice of appeal, of the judgment roll, and any bill
of exceptions, etc., or statement in the case upon which the
appellant relies. Section 450 states that on an appeal from
an order granting or refusing a new trial, the appellant
must furnish the court with a copy of the notice of the ap-
peal, etc. These copies must be certified to be correct by
the clerk or the attorneys.

Appellant's attorney now asks this court to enter an order directing the clerk of the district court to send up a copy of the notice of appeal, and various other papers. It does not appear from the affidavit of the attorney for appellant that any proper notice of appeal was ever placed on file in the court below.

An unauthenticated telegram is presented to the court, which in reply to the following question, " When were bond and notice of appeal served and filed in *Caldwell* v. *Ruddy?*" states May 20 and 21, 1880. If this were deemed by the court proper evidence of the facts stated therein, it still appears, from the affidavit of appellant's attorney, that no *præcipe* was ever placed on file directing the clerk what papers and records he should copy and send to this court.

To rely upon the judgment or knowledge of the clerk as to what were proper papers to send up, would be a practice entirely too loose and uncertain to be approved by this court. The entry of this order now would render a continuance of the hearing of this cause until the next term of this court necessary, which would cause a year's delay in the execution of the judgment. For aught that appears in the record, this appeal may be sought for delay alone, and the appellant thereby accomplish by his own negligence what he could not accomplish had his duties been properly performed.

It seems from the affidavit also, that appellant desired a copy of the original answer, the demurrer, and the amended answer to be sent up. Various orders, judgments, and decrees of the court may be appealed from, and in such case a different set of papers should be sent up. The clerk can not in each case be expected to know what should be sent.

The appellant having failed to furnish the requisite papers, and failed to furnish any sufficient excuse therefor, it is the opinion of the court that the appeal should be dismissed, and it is dismissed accordingly. Appeal dismissed without prejudice.