| 65   221
| 87   243

---

[No. 9,443.  Department One.—May 8, 1884.]

## W. W. BROWN ET. AL., APPELLANTS, v. C. E. GREEN ET AL., RESPONDENTS.

DISMISSAL OF APPEAL—SERVICE OF NOTICE OF APPEAL—UNDERTAKING.—When service of a notice of appeal is made by mail, it is complete at the time of the deposit of a copy in the postoffice, and the undertaking on appeal must be filed within five days after such deposit. Section 1013 of the Code of Civil Procedure, extending the time in which acts may be done in certain cases, has no application to the service of a notice of appeal.

MOTION to dismiss appeals. The facts are stated in the opinion of the court.

*Flournoy, Mhoon & Flournoy,* for Appellants.

*McKune & Catlin,* for Respondents.

McKINSTRY, J.—This is a motion to dismiss appeals from the judgment and from an order denying a motion for a new trial.

The judgment was entered December 6, 1882, and the order denying a new trial April 11, 1883.

The notice of appeal was filed December 3, 1883, more than sixty days after the order was made and entered. The appeal from the order must be dismissed. (Code Civ. Proc. § 939.)

A notice of appeal from the judgment was filed within one year after the entry of the judgment. But the transcript con-

tains no evidence that a similar notice was served upon the adverse party or his attorney. (Code Civ. Proc. § 940.)

At the foot of the notice of appeal are printed the words and figures, "service admitted December 3, 1883," but to them is subscribed neither the name of the adverse party nor that of his attorney.

Even if we were authorized to supply the name of the attorney for the adverse party, the appeal must be dismissed, because the undertaking on appeal was not filed until the 11th day of December, 1883, more than five days after service of the notice.

It seems to us very plain that a written statement "service admitted," signed by the attorneys of the respondent, would mean "personal service admitted."

It is contended, however, that the service may have been by mail (Code Civ. Proc. § 1012), and that we should take notice that the attorneys for one of the parties reside in San Francisco, and the attorneys for the other party in Sacramento; that the distance between the two cities is eighty-six miles. Even if all this could be assumed, the admission of service as of the 3d of December, 1883, would be an admission that the service was made on that day. The service is complete at the time of the deposit of the "similar notice" in the postoffice. (Code Civ. Proc. § 1013.) And to render an appeal effectual for any purpose, the undertaking on appeal must be filed within five days after service of the notice of appeal. (Code Civ. Proc. § 940.) On the other hand, if the service were not complete until the expiration of eight days after the copy notice of appeal was deposited in the postoffice, the presumption would be that the eight days had expired on the 3d day of December, 1883, the date of the admission of service. But that portion of section 1013 which, in certain cases, extends the time one day for each twenty-five miles, has no application when the question is as to service of notice of *appeal.* After service of the notice of appeal by mail, which, as we have seen, is complete at the time of the deposit in the postoffice, there is no given number of days within which the *adverse party* may exercise a right, or do an act. The adverse party is the party on whom the service is made. There is no reason why the appellant should not file his undertaking on appeal within five days after he has

deposited the notice of appeal in the postoffice. *He* knows when it was deposited. The right of the adverse party to except to the sureties begins to run from the filing of the undertaking, not from service of the notice of appeal. (Code Civ. Proc. § 948.) Under section 1013 the party serving a notice can never be a party adverse to himself.

Appeals dismissed.

Ross, J., and McKee, J., concurred.