IN THE

# SUPREME COURT

OF THE

## STATE OF IDAHO.

---

(February 24, 1891.)

## TOOTLE ET AL. v. FRENCH ET AL.

[25 Pac. 1091.]

NOTICE OF APPEAL—WHAT IT MUST SHOW AS TO SERVICE AND FILING.—The record of a case on appeal must affirmatively show that the notice of appeal was filed with the clerk below and served upon the adverse party or his attorney, within the time required by the statute.

JURISDICTION OF COURT.—Without these requirements of the statute are complied with, this court has no jurisdiction.

OBJECTIONS TO JURISDICTION RAISED AT ANY TIME.—Objections for want of jurisdiction may be made at any time.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

Bruner & Parsons, for Appellants.

The engine and iron pipe, attached, as they were, to the quartz-mill of plaintiffs, and on the premises of plaintiffs, became fixtures and part of the realty as soon as they were attached. (Tiedeman on Real Property, sec. 6; 2 Taylor on Landlord and Tenant, secs. 544, 549; *Merritt v. Judd,* 14 Cal. 60.) Fixtures cannot be removed by vendee of lessee, or levied upon by creditors of lessee, unless removed or levied upon before termination of lease. (2 Taylor on Landlord and Tenant, sec.

549; *Thropp's Appeal,* 70 Pa. St. 396; 2 Smith Lead. Cas., 5th Am. ed., 257; *Merritt v. Judd,* 14 Cal. 69.)   If the tenant surrenders the premises without removing the fixtures, and the landlord takes possession, they become the property of the landlord.   (2 Taylor on Landlord and Tenant, secs. 551, 553; *Thropp's Appeal,* 70 Pa. St. 396; *Childs v. Hurd,* 32 W. Va. 66, 9 S. E. 362.)   The right of removal exists only during the original term, and such further time as the lessee shall hold the premises under a right to consider himself a tenant.   (2 Taylor on Landlord and Tenant, sec. 551; *Mason v. Fenn,* 13 Ill. 525-527; *Merritt v. Judd,* 14 Cal. 59; *Davis v. Moss,* 38 Pa. St. 346-353; *Overton v. Williston,* 31 Pa. St. 155; *Antonio v. Belknap,* 102 Mass. 193; *Cromie v. Hoover,* 40 Ind. 49; *Allen v. Kennedy,* 40 Ind. 142.)

Texas Angel, for Respondents.

Unless the notice of appeal is filed, and served upon the adverse party, or his attorney, there is no appeal made.   Both are essential to the taking of the appeal.   (Code Civ. Proc., secs. 4807, 4808; *Bryan v. Berry,* 8 Cal. 133; *Franklin v. Reiner,* 8 Cal. 340; *Whipley v. Mills,* 9 Cal. 641.)

MORGAN, J.—This appeal is taken from the judgment and from the order overruling the motion for a new trial.   The respondents ask the court to dismiss the appeal for the reason that the record does not show that there has ever been a notice of appeal filed in this case.   The constitution gives this court jurisdiction to review upon appeal any decision of the district court, etc.   (Const., art. 5, sec. 9.)   The statute points out the method by which an appeal to the supreme court is taken, as follows: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney." (Idaho Rev. Stats., sec. 4808.) The record must affirmatively show that the notice of appeal was filed with the clerk below, and served upon the adverse party, or his attorney, within the time required by statute.   (*Franklin v. Reiner,* 8 Cal. 340; *Whipley v. Mills,* 9 Cal. 641; Hayne on New Trial and Appeal,

sec. 210, and other authorities there cited; *Salt Lake Brewing Co. v. Gillman,* 2 Idaho, 195, 10 Pac. 32.) Judgment in this cause was rendered in the district court on May 31, 1889, and placed on file June 1, 1889. Order overruling motion for new trial was filed January 8, 1890. Notice of appeal from said order and from the judgment was served on counsel for respondents March 10, 1890. This service was not within the sixty days given by the statute within which an appeal may be taken from an order overruling a motion for a new trial. The record does not show that the notice of appeal was ever filed with the clerk. That which is required by the statute cannot be dispensed with by the court. Failure of service of notice of appeal within the sixty days is fatal to the appeal from the order overruling the motion for a new trial. Failure to file the notice with the clerk of the court below is fatal to both appeals. Without these requirements of the statute are complied with, this court has no jurisdiction. Objection for want of jurisdiction may be made at any time. Both appeals are dismissed.

Huston, J., concurring.

Sullivan, J., having been of counsel in the court below, took no part in the hearing of this cause.