(December 7, 1893.)

## ADAMS v. McPHERSON, ADMINISTRATOR.

[34 Pac. 1095.]

DISMISSAL OF APPEAL—RECORD—JURISDICTION—SERVICE OF NOTICE OF APPEAL.—The record must affirmatively show the service of the notice of appeal on the adverse party or his attorney. Section 4808 of the Revised Statutes of 1887 is mandatory, and the record must affirmatively show that its provisions have been complied with to give this court jurisdiction.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

R. P. Quarles, for Appellant.

There is an express acknowledgment of the debt. There is more than a bare acknowledgment. No express promise or certain form of acknowledgment is necessary; any recognition of the debt as a subsisting one by the debtor is sufficient, whether in words or acts. (2 Greenleaf on Evidence, secs. 441-444; 3 Parsons on Contracts, 7th ed., 69; Angell on Limitations, sec. 208; *Farrell v. Palmer,* 36 Cal. 187; *Henry v. Root,* 33 N. Y. 529, and cases there cited.) Part payment is, and always has been, regarded as an unequivocal acknowledgment of the debt upon which the payment is made, and from such acknowledgment as a promise to pay the balance will and should be implied. (3 Parsons on Contracts, 7th ed., 79 (bottom); Angell on Limitations, sec. 240; *Barron v. Kenedy,* 17 Cal. 574; *Barclay's Appeal,* 64 Pa. St. 69; *Kelly v. Leachman* ante,

p. 629, 33 Pac. 44; *Wyatt v. Hodson*, 1 'Moore & S. 442, 8 Bing. 209.)   Our statute does not change the effect of a part payment or prescribe the nature or form of an acknowledgment or promise.   It simply prescribes the character of the evidence to be adduced to prove the part payment or acknowledgment. (*Reed v. Smith*, 1 Idaho, 533.)

Texas Angel, for Respondent.

The Revised Statutes of Idaho, section 4808, provide as follows: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney."   Thus it appears by the statute that the service on the adverse party or his attorney is jurisdictional, and without it there is no appeal, and the court has no jurisdiction of the case.   (*Beets v. Chart*, 79 Cal. 185, 21 Pac. 730; *Bryan v. Berry*, 8 Cal. 133; *Franklin v. Renier*, 8 Cal. 340; *Whipley v. Mills*, 9 Cal. 641; Hayne on New Trial and Appeal, sec, 210; *Salt Lake Brewing Co. v. Gilman*, 2 Idaho, 195, 10 Pac. 32; *Tootle v. French*, ante, p. 1, 25 Pac. 1091.)   If it should appear by evidence not in the record that service of the notice was made upon an attorney who was not the attorney of record, it would be insufficient.   (*Prescott v. Salthouse*, 53 Cal. 221.) The action upon the acknowledgment or promise made after a claim has been barred by the statute, as alleged in the case at bar, is not founded upon the original contract, but is upon the new contract or promise, and unless the alleged new contract or promise is fully shown, the action will not be maintained.   (*McCormick v. Brown*, 36 Cal. 180, 95 Am. Dec. 170; *Chabut v. Tucker*, 39 Cal. 434; *Bedell v. Brizzolari*, 56 Cal. 374.)   "An express promise to be available to the creditor must be direct, certain and unconditional as to the time or manner to pay the debt, or a direct offer to pay unconditionally a specified part of the debt, or a like offer upon specified conditions as to either time or manner, or both, to pay the whole or some part of the debt."   (*McCormick v. Brown*, 36 Cal. 180, 95 Am. Dec. 170; *Bedell v. Brizzolari*, 56 Cal. 374; *Gathright v. Wheat*, 70 Tex. 740, 9 S. W. 76; *Neustaches v. Schmidt*, 25 Ill. App.

626; *Kirkbridge v. Gash,* 34 Mo. App. 256; *Kreuger v. Kreuger,* 76 Tex. 178, 12 S. W. 1004; *Smith v. Purmorts,* 63 Vt. 378, 20 Atl. 928; *Watkins v. Jones,* 63 Hun, 106, 17 N. Y. Supp. 619.) In order to constitute an acknowledgment of a debt from which an implied promise to pay can be raised, the amount of the debt should be stated, for unless the amount of the debt be given, the acknowledgment or promise is too indefinite and goes for nothing. (*Quarriers v. Quarriers,* 36 W. Va. 310, 15 S. E. 154; *Chapman v. Barnes,* 93 Ala. 433, 9 South. 589.) Under our statute, as well as the statute of California, part payment does not renew the debt, though it may be an acknowledgment of the debt, if evidence by writing "signed by the party to be charged thereby." But then only to the extent of the amount of the check and no more. (*Manchester v. Braedner,* 107 N. Y. 346, 1 Am. St. Rep. 829, 14 N. E. 405.)

SULLIVAN, J.—This is an attempted appeal from the judgment. The respondent moves to dismiss the appeal on the ground that the record fails to show that the notice of appeal has been served. Section 4808 of the Revised Statutes of Idaho, provides as follows: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney." This section is mandatory, and requires appellant to file with the proper clerk, and to serve on the adverse party or his attorney, the notice of appeal. The appeal is taken by complying with the requirements of said section, and without compliance therewith an appeal cannot be taken. The jurisdiction depends upon a compliance with the provisions of said section, and the record on appeal must affirmatively show that the notice of appeal was served upon the adverse party or his attorney, to give this court jurisdiction to determine the case upon its merits. In *Tootle v. French,* ante, p. 1, 25 Pac. 1091, this court held that the record must affirmatively show that the notice of appeal had been filed with the clerk, and served on the adverse party or his attorney, within the time required by the statute. (See, also, Hayne on New Trial and Appeal, sec. 210; *Ellis v. Bennett* (Cal.), 3 Pac.

801; *Brown v. Green,* 65 Cal. 221, 3 Pac. 811; *Franklin v. Reiner,* 8 Cal. 340; *Beets v. Chart,* 79 Cal. 185, 21 Pac. 730; *Pateman v. Tyrrel,* 59 Cal. 320.)   The judgment of the court below is affirmed, and the appeal dismissed, with costs in favor of the respondent.

Huston, C. J., and Morgan, J., concur.