(January 30, 1894.)

## ADAMS v. McPHERSON, ADMINISTRATOR.

### [35 Pac. 690.]

PRACTICE—DISMISSAL—LACHES.—When a case has been submitted for final determination, and the appeal is dismissed and judgment of the lower court affirmed, a rehearing will not be granted on an application to vacate and set aside the order dismissing the appeal.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Heard on motion to set aside order dismissing appeal.

R. P. Quarles, for Appellant.

Texas Angel, for Respondent.

No briefs were filed on the motion to set aside the order.

SULLIVAN, J.—This appeal was dismissed at the November term, 1893, of this court   (*Adams v. McPherson,* 3 Idaho, 718, 34 Pac. 1095), and this is an application to have the order dismissing said appeal set aside and vacated.   This case was brought to this court at the September term, 1891, and the appeal dismissed because the record failed to show any final order or judgment from which an appeal could be taken.   (See *Adams v. McPherson,* 3 Idaho, 117, 27 Pac. 577.)   It was again brought to this court in 1893, and placed

upon the calendar for hearing at the November term. The appeal was dismissed, and the judgment of the court below was affirmed on the seventh day of December, 1893, on the ground that the record failed to show that the notice of appeal had been served on the adverse party or his attorney. The transcript was filed in this court on the third day of July, 1893. Respondent's brief was filed on the ninth day of October, 1893. The November term of this court opened on the thirteenth day of that month, and this case was set for hearing on the twenty-seventh day of November. There was no appearance of counsel for appellant on that day, and the hearing was adjourned to the fifth day of December, 1893. On that day counsel for appellant failed to appear, and the case was submitted on the presented briefs of the respective parties. The first point raised by respondent's brief was that the record failed to show that the notice of appeal had been served on the adverse party or his attorney, and the record sustained the contention. The appeal was dismissed, and the judgment of the court below affirmed. If application had been made to amend the record before the dismissal, it, no doubt, would have been granted upon a proper showing. But, as the second appeal in this case was dismissed because of a defect in the record—a defect pointed out by the brief of respondent, which was on file long before the case was called for hearing—and this being the second dismissal for defect in the record, this application might indicate a trifling with the good humor of the court, when the various efforts to have this case heard on appeal are taken into consideration, and the further fact that this application shows a defect in the affidavit of service of the notice of appeal on the respondent's attorney. We do not think the facts shown by the application would warrant the vacation of the order dismissing the appeal, provided the court had authority to do so. This court affirmed the judgment of the court below, and, if a rehearing was desired, a petition for that purpose should have been presented. The motion is denied.

Huston, C. J., and Morgan, J., concur.