Centro de Detallistas de San Juan *v.* A. Vicente & Co. et al.

Appeal from the District Court of San Juan:

No. 636.—Decided June 21, 1911.

Judicial Controversy—Abstract Questions.—The complaint having failed to state that a concrete and positive agreement detrimental to the plaintiff had been made, no grounds exist for a judicial controversy to be decided by the courts.

The facts are stated in the opinion.

*Mr. Jacinto Texidor* for appellant.

*Messrs. Hartzell* and *Rodríguez Serra* for respondents.

Mr. Justice del Toro delivered the opinion of the court.

The Centro de Detallistas of San Juan, a corporation organized under the laws of Porto Rico, filed a complaint against *A. Vicente & Co., Successors of L. Villamil & Co., Successors of M. Lomba & Co., J. Ochoa y Hermano, Villar & Co., Freiría & Co., Successors of Pérez Hermanos, S. en C., Aboy, Vidal & Co., M. Lamadrid & Co., Sobrinos de Izquierdo & Co., Baquera & Co., Balasquide & Co., F. Font y Hermano, Pérez Hermanos, R. Paniagua & Co., Luiña Hermanos, Successors Benítez & Co., Cerecedo Hermanos & Co., Successors A. Suárez & Co., E. R. Pons & Co., V. Melón & Co., Sánchez Portela & Co., Successors of F. Juncos & Co., C. Malatrasi & Co., Cadierno Hermanos, Allés y Hermano,* and *B. Fernández y Hermano* for the purpose of having the district court decree that the only system of weights to which commercial transactions in Porto Rico are subject is the metric system,

and that the resolution adopted by the defendant firms is illegal and null.

The essential facts of the complaint are that the defendants, who are wholesale merchants, on February 1, 1910, entered into an agreement, of which retail merchants were notified, stating that from March 1 next they would establish the rule of fixing their prices on all articles sold by weight for each 45.3597 kilograms, equivalent to 100 American pounds.

"That such agreement, by changing the legal system of weights and imposing one which is arbitrary, capricious, and detrimental to the progress of the commercial transactions of retail provision merchants, and which is made without the authorization of the plaintiff, prejudices the interests of all retail provision merchants of this Centro de Detallistas, and of each and every member thereof; and

"That the plaintiff appointed a committee to come to an understanding with the defendants, the latter having refused to adopt the metric system, and to revoke their resolution."

The defendants, with the exception of H. Santos, Pérez Hermanos, and A. Suárez & Co., demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and as the plaintiff stated that they could adduce no further facts, the court directed that the decision thereof should be entered as a judgment. This was done, and from such judgment, entered November 5, 1910, the present appeal was taken.

Notice of the appeal having been served on all the attorneys for the defendants on November 14, 1910, it was filed the same day in the office of the secretary of the district court, and the transcript of the record having been filed in this court both parties fully argued the appeal on its merits in their briefs.

We have carefully studied the transcript of the record and the briefs filed by the parties, and are of the opinion that the judgment dismissing the complaint, because it did not state facts sufficient to constitute a cause of action, is well grounded and should be affirmed.

Two fundamental reasons exist therefor.

The first is, that having studied the resolution of the defendant merchants it does not appear to be in open conflict with the provisions of sections 230 and 240 of the Political Code.

The second one is, that although it should be concluded that such was the case, it is not alleged in the complaint that a single specific and positive act detrimental to the plaintiff has been committed, and therefore no grounds exist for a judicial controversy to be decided by the courts. Notwithstanding that the complaint was filed on May 10, 1910, it is not stated therein that the resolution adopted by the defendants on February 1, 1910, to become effective March 1 of the same year, was carried into effect.

See the case of *The Property Owners' League* v. *The City of San Juan,* 14 P. R., 85, decided by this court on February 12, 1908, wherein this last question has been fully treated and decided in a clear and precise manner.

We do not think it necessary to consider the other phases of this case. The appeal cannot be sustained and the judgment appealed from should be affirmed.

*Affirmed.*

Mr. Justice Wolf concurred.

Mr. Chief Justice Hernández dissented.

Justices MacLeary and Aldrey did not take part in the decision of this case.

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

The Centro de Detallistas, of San Juan, P. R., filed a complaint in the District Court of San Juan, Section 1, on May 10 of the year last past against the mercantile firms stated in the title thereof. After various allegations, among which the principal one is a resolution of the defendant merchants adopted February 1 of the year aforesaid, whereof the plaintiff was notified by a circular, which stated that from March 1 following the signers of the resolution would establish the

rule of fixing their prices for all articles sold by weight for each 45.3597 kilograms, equivalent to 100 American pounds, the complaint concludes with the prayer that judgment be rendered in due time declaring that the only system of weights to which commercial transactions in Porto Rico are subject is the metric system, and that the aforesaid resolution is illegal and null.

The defendants demurred to the aforesaid complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the court sustained the demurrer and dismissed the complaint by a judgment which, copied literally, reads as follows:

"Judgment. On October 12, 1910, in open court, this case was called for a hearing on the demurrer based on the ground that the complaint does not state facts sufficient to constitute a cause of action. Both parties appeared through counsel, who submitted the question on briefs. The court, after consideration of such pleadings and briefs, declares that the law is in favor of said demurrer, and the same is sustained, the present action being dismissed with costs against the plaintiff. The secretary will issue the proper writ of execution. Rendered in open court on November 5, 1910. Entered November 7 of the same year. (Signed) Pedro de Aldrey, Judge."

There is no record of an appeal having been taken from said judgment other than the notice transcribed below.

"To Messrs. Hartzell and Rodríguez Serra, E. S. Paine, Damián Monserrat, and H. F. Hord, attorneys for the defendants in the case above cited. You are hereby notified that the plaintiff in this case has taken an appeal to the Supreme Court of Porto Rico from the decision of the District Court of San Juan on the demurrer, which decision, rendered November 5, 1910, was entered as a judgment on November 7, 1910. Texidor and Cautiño. (Signed) J. Texidor, counsel for the plaintiffs. Served with copy November 14, 1910. (Signed) Damián Monserrat. (Signed) H. F. Hord, by M. A. Borges, counsel for defendants. Filed, Secretary's Office, November 14, 1910. (Signed) J. de J. Calvo, Deputy Secretary."

Is this simple record, which includes only the notice of appeal to the adverse party and which was later filed in the

office of the secretary, sufficient for this court to deem the appeal as having been taken, and that therefore it has jurisdiction of the case? We are not of that opinion.

Section 296 of the Code of Civil Procedure reads as follows:

"Section 296. An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney."

That is, that in order that an appeal may be perfected it is necessary for the appellant to have duly complied with the requisites specified in said section, to wit: (*a*) The filing of a notice of appeal with the secretary of the court, and (*b*) the serving of a similar notice on the adverse party or his attorney. The law is clear and it is not necessary to resort to rules of interpretation. We do not know if the appellant in this case did or did not comply with the provisions of our statute, because, as we have already seen, the record contains only an entry of a notice addressed by the appellant to counsel for the adverse party, stating that the appeal was taken to this court from the decision of the District Court of San Juan on the demurrer.

The question, therefore, is limited to determining if the failure on the part of the appellant to include in the record a copy of the notice of appeal, which he should have filed with the secretary of the court, is a fatal omission, or if, on the contrary, we may dispense therewith and decide the appeal on its merits. Undoubtedly the observance or nonobservance of the requirements of a statute for the perfection of an appeal is a question of jurisdiction.

"The record must show affirmatively an exact compliance with statutory requirements as to giving and filing notice of appeal, and the serving of notice of appeal or citation in error upon the opposite party or his attorney, and upon the clerk of the trial court, such facts being jurisdictional." (2 Cyc., 1028.)

It is a principle established by this court in accordance with the jurisprudence laid down by the highest tribunals of the States of the Union, that the statutes regulating the jurisdiction of courts must be interpreted strictly, regardless of whether they have original or appellate jurisdiction. (*The Bonnie Fruit Co.* v. *Dávila et al.,* 7 P. R. R., 430.) This principle was applied in the case of *Del Valle* v. *Andreu,* 13 P. R. R., 212, decided November 7, 1907, wherein, notwithstanding the existence in the record of an authentic entry of the taking of the appeal, inasmuch as in the statement of the case, duly approved by the judge, it was stated that del Valle filed the appeal in the office of the secretary and served notice thereof on the attorney for the adverse party, this court dismissed the appeal because the transcript did not contain a copy thereof, thereby giving a strict interpretation to the statutory provision regulating our appellate jurisdiction. Similar decisions were rendered on identical grounds in the following cases: *Fernández* v. *Estate of Irizarri,* 10 P. R. R., 43; *Ex parte Hecht,* 11 P. R. R., 192; *Ex parte Franco,* 11 P. R. R., 577.

The same jurisprudence has been established by the Supreme Courts of Idaho and California in interpreting statutory provisions similar to ours, with the exception of the furnishing of a bond, which is not required by our Code of Civil Procedure.

"An appeal is made by filing and serving the notice of appeal. Both requisites must exist, to complete the appeal." (*Whipley* v. *Mills,* 9 Cal., 641.)

"To constitute an appeal there are three things necessary: *First,* filing the notice; *second,* service of the same; and *third,* filing the undertaking. All of these steps must be taken within the times limited by statute. If not so taken, there is no appeal perfected, and this court has no jurisdiction of the case." (*Hastings* v. *Halleck,* 10 Cal., 31.)

"These provisions of the code are intended for the repose of parties, and must be strictly complied with." (*Hastings* v. *Halleck,* supra.)

" 'An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney.' This section is mandatory, and requires appellant to file with the proper clerk, and to serve on the adverse party, or his attorney, the notice of appeal. The appeal is taken by complying with the requirements of said section, and without compliance therewith an appeal can not be taken. The jurisdiction depends upon a compliance with the provisions of said section, and the record on appeal must affirmatively show that the notice of appeal was served upon the adverse party, or his attorney, to give this court jurisdiction to determine the case upon its merits." (*Adams* v. *McPherson,* 3 Idaho, 718.)

And it cannot be otherwise, since the rules of procedure being of a public character are binding on all parties to an action and may not be substituted at the whim of the parties. The law specifies how an appeal should be taken, and the provisions thereof should be complied with. When not observed, as in the present case, wherein the notice to the adverse party, instead of the copy of the appeal filed with the secretary of the trial court, has been incorporated in the record, the appeal should be dismissed in accordance with the provisions of section 303 of the Code of Civil Procedure.

The filing of the appeal with the secretary of the court, and the notice thereof to the opposite party, are two different requisites, and both are necessary to give this court jurisdiction of the case. To complete the former requisite it is not sufficient to comply with the latter and notify the secretary thereof. If we should hold this opinion, we would openly violate the law and usurp the legislative power by establishing that an appeal is taken by filing with the secretary of the court wherein the judgment or decree was rendered or entered a notice addressed to the adverse party stating that an appeal is taken from the judgment or decree, or a specific part thereof. Section 296 of the Code of Civil Procedure already transcribed would thus be repealed.

For the foregoing reasons the appeal taken in the present

·case should be dismissed as this court has no jurisdiction to discuss and decide it on its merits.