(October 1, 1914.)

## JULIUS C. MILLER, Respondent, v. ULYSSES G. WALLACE et al., Appellants.

[143 Pac. 524.]

APPEAL—MOTION TO DISMISS—SERVICE OF NOTICE OF APPEAL.

    1. Under the provisions of sec. 4808, Rev. Codes, the notice of appeal must be served on the adverse party or his attorney.

    2. Under the provisions of said section, the notice of appeal must be served upon every party whose interests might be affected by the reversal of the order or judgment appealed from, irrespective of whether they are plaintiffs, defendants or intervenors.

APPEAL from the District Court of the Third Judicial District, in and for Ada County. Hon. Carl A. Davis, Judge.

Proceeding to set aside sheriff's sale. Motion to dismiss appeal. Granted.

J. C. Johnston and J. J. McCue, for Appellants.

It is true, as this court has often held, that from an appeal from the judgment or decree of the court below the appellant

must serve notice of appeal upon all adverse parties to the judgment or decree. But upon reading the decisions of this court, it will be noted that in all the cases there was an appeal taken to reverse or modify the judgment of the court below, but in the case before the court, the action of the appellant is not an appeal from the judgment or decree of the court below, nor does the appellant seek to reverse or modify the decree or judgment of the court below, but it is simply an appeal from the order and judgment of the court below denying and overruling the motion of appellant to set aside the sheriff's sale, and affects no one except the purchaser at the sheriff's sale. (*Mills v. Smiley,* 9 Ida. 325–327, 76 Pac. 783).

Wyman & Wyman, for Respondent.

Both Wallace, the mortgagor, and O'Donnell,. who acquired an interest in the property subsequent to the mortgage, are adverse parties to the appellants here and should have been served with notice. Wallace is vitally interested. There is now no deficiency judgment against him. Should appellant succeed, such a deficiency judgment will probably result. O'Donnell is perfectly satisfied with the decree and the amount found to be due from him. On a resale he might be seriously injured. He is opposed to a reversal of the order appealed from. Both he and Wallace are entitled to their day in court on this appeal. (*Diamond Bank v. Van Meter,* 18 Ida. 243, 108 Pac. 1042, 21 Ann. Cas. 1273; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80, is to the same effect; *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Baker v. Drews,* 9 Ida. 276, 74 Pac. 1130; *Reed v. Stewart,* 12 Ida. 699, 87 Pac. 1002, 1152.)

SULLIVAN, C. J.—This action was brought to foreclose a mortgage on real estate given by the defendant Wallace to the plaintiff Miller. Subsequent to the giving of the mortgage and prior to the commencement of the action, certain parties acquired an interest in the premises and were made parties defendant. A decree of foreclosure was entered and a sale thereunder had.

After the giving of said mortgage, the premises had been subdivided and the sale was made in separate parcels. The property sold for enough, so that there remained no deficiency. One of the defendants, Roberts, after the sale, moved to set the sale aside. This motion was overruled and the appeal is from the order denying the motion. He served his notice of appeal on the plaintiff Miller, but not on any of his co-defendants, and the appeal now comes up on the motion of plaintiff Miller to dismiss the appeal on the ground that the notice of appeal was not served on all of the adverse parties.

The record shows that the property sold for sufficient to satisfy the mortgage and costs. The decree of foreclosure provided for a deficiency judgment against Wallace, provided the property did not sell for sufficient to pay the mortgage debt with interest and costs. Thus it is shown that Wallace is vitally interested in the matter and may be injuriously affected provided the sale is set aside and a new sale made. If on a resale the property should not sell for sufficient to pay said indebtedness and costs, a deficiency judgment would be entered up against Wallace. The defendant O'Donnell might also be adversely affected by the setting aside of said sale.

On an appeal either from the judgment or an order, the notice of appeal must be served on all parties to the action, or their attorneys, who might be affected by a reversal or modification of the judgment or order. (See sec. 4808, Rev. Codes.) In the case of *Diamond Bank v. Van Meter,* 18 Ida. 243, 108 Pac. 1042, 21 Ann. Cas. 1273, many of the decisions of this court upon the point under consideration are cited.

· The notice of appeal not having been served upon all of the parties who might be affected by a reversal of the order appealed from, the motion must be sustained and the appeal dismissed, and it is so ordered. Costs awarded to the respondent.

Truitt, J., concurs.