(August 29, 1917.)

ISAAC T. COOK, JOHN T. CLARK, LOUIS F. MAHLER, MATILDA GABLE and W. A. ELLIS, Appellants, v. S. C. MILLER, Receiver of the SUNBEAM CONSOLIDATED GOLD MINES COMPANY, a Corporation, Insolvent, Respondent.

[00 Pac. 000.]

NOTICE OF APPEAL—FAILURE TO SERVE ADVERSE PARTIES—DISMISSED.
   Where it appears that the notice of appeal has not been served upon all of the adverse parties, the appeal will be dismissed on motion, as such an appeal confers no jurisdiction upon this court under section 4808, Rev. Codes.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. F. J. Cowen, Judge.

Order confirming receiver's sale. *Appeal dismissed.*

O'Brien & Glennon, for Appellants, file no brief.

Wyman & Wyman, for Respondents Edwards and Custer Slide Mining Co.

Service of notice of appeal upon all adverse parties is jurisdictional, and without such service the appeal must be dismissed. (*Anderson v. Knott*, 1 Ida. 626; *Slocum v. Slocum*, 1 Ida. 589; *Diamond Bank v. Van Meter*, 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042; *Bridgham v. National Pole Co.*, 27

Ida. 214, 147 Pac. 1056; *State Bank v. Watson,* 27 Ida. 211, 148 Pac. 470; *Berlin Mach. Works v. Bradford-Kennedy Co.,* 21 Ida. 669, 123 Pac. 637.)

A purchaser at a judicial sale is an adverse party, and must be served with notice of appeal. (3 C. J. 1014–1016; *Smith v. Noble Bros.* (Okl.), 153 Pac. 1150; *Hibernia Sav. & L. Soc. v. Lewis,* 111 Cal. 519, 44 Pac. 175; *Thompson v. Superior Court,* 119 Cal. 538, 51 Pac. 863; *McDonald v. Citizens' Nat. Bank,* 58 Kan. 461, 49 Pac. 595; *Sanders v. Wade,* 17 Ky. L. 205, 30 S. W. 656.)

BUDGE, C. J.—S. C. Miller was appointed receiver of the Sunbeam Consolidated Gold Mines Company, in an action brought in the district court of the sixth judicial district, in and for Custer county, wherein one H. C. Edwards was plaintiff and the above-mentioned company defendant, and as such receiver sold certain portions of the company's property to the Custer Slide Mining Company, which sale was confirmed by an order of the district court. This appeal is from the order of confirmation and is prosecuted by certain other judgment creditors of the company, all of whom appeared in the trial court and filed their joint and several protests against confirmation of the sale.

Edwards and the Custer Slide Mining Company appeared in this court and moved to dismiss the appeal on the ground that they and certain other adverse parties had not been served with notice of appeal. The attorney for appellants filed an affidavit in which he stated that he had mailed a copy of the notice to Milton A. Brown, the only attorney, as appellant contends, appearing of record, in relation to any of the matters involved in this appeal. The record discloses that Milton A. Brown was the attorney for the receiver.

It is not contended, nor is any showing made, that any of the other parties were served, either the plaintiff, defendant, the purchaser at the receiver's sale, or the other creditors who appeared upon the hearing. In order for this court to have jurisdiction of a cause, it must affirmatively appear that all of the adverse parties whose interest would be affected by

Opinion of the Court—Budge, C. J.

a reversal or modification of the judgment or order appealed from have been served with the notice of appeal, and if it does not so appear, this court is powerless to go into the merits of the appeal. In the case at bar, so far as appears from the record, no one of the adverse parties has been served with the notice of appeal, and the case must be dismissed. (*Anderson v. Knott*, 1 Ida. 626; *Tootle v. French*, 3 Ida. 1, 25 Pac. 1091; *Adams v. McPherson*, 3 Ida. 718, 34 Pac. 1095; *Doust v. Rocky Mountain Bell Tel. Co.*, 14 Ida. 677, 95 Pac. 209; *Diamond Bank v. Van Meter*, 18 Ida. 243-248, 21 Ann. Cas. 1273, 108 Pac. 1042; *State Bank v. Watson*, 27 Ida. 211, 148 Pac. 470, and cases therein cited; section 4808, Rev. Codes.)

But even if we should regard appellant's affidavit as sufficient showing that the attorney for the receiver was properly served with the notice of appeal, still there being no service thereof on the other adverse parties, this court is without jurisdiction to entertain the appeal. (*Bridgham v. National Pole Co.*, 27 Ida. 214, 147 Pac. 1056; *Berlin Mach. Works v. Bradford-Kennedy Co.*, 21 Ida. 669, 123 Pac. 637; and cases cited *supra.*)

The appeal is dismissed. Costs awarded to H. C. Edwards and the Custer Slide Mining Company.

Morgan and Rice, JJ., concur.

Petition for rehearing denied.