(March 17, 1921.)

A. D. DAVIS, Individually, and A. D. DAVIS as Guardian Ad Litem for HELEN DAVIS, FAY DAVIS and LESLIE DAVIS, Minor Children, Respondents, v. CASPER BACH, Sheriff, Appellant.

[196 Pac. 673.]

APPEAL—NOTICE—SERVICE—PROOF—SHERIFF.

1. In the absence of a showing of valid service of the notice of appeal, an attempted appeal should be dismissed.

2. Where a sheriff is disqualified from serving a notice of appeal because a party to the case, attempted service by him in his official capacity, by his deputy, is ineffective; and in such case his return is no proof of service.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

Action in claim and delivery. Appeal from judgment for plaintiff. *Dismissed.*

D. W. Zent, for Appellant.

P. K. Perkins, for Respondents.

Counsel cite no authorities on points decided.

McCARTHY, J.—This is an action in claim and delivery for the recovery of certain personal property and to restrain the defendant, sheriff of Camas county, from selling it on execution. Defendant appeals from an adverse judgment.

The only proof of service of the notice of appeal is the return of the sheriff through his deputy. It is the duty of the sheriff to serve all notices, as well as process, when requested. (C. S., sec. 3596, subd. 8.) His return is *prima facie* evidence. (C. S., sec. 3598.) The coroner must perform the duties of sheriff when the sheriff is an interested party or otherwise incapacitated from service. (C. S., sec. 3680.) In this case the sheriff was disqualified from performing the duties of that office because a party. It follows that his deputy was disqualified to perform such duties. The return of the sheriff is not effective when he is disqualified to perform the official act to which he certifies. Therefore, the return is no proof of service. It is not necessary to decide whether service by him or his deputy as an individual, supported by affidavit as in the case of service by any other individual, would be valid, as there is no such affidavit in the record. The unsworn statement of a private individual is no proof of service. There being no proof of service of the notice of appeal, the record does not show jurisdiction in this court, and the appeal must be dismissed. It is so ordered. Costs awarded to respondents.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.