(November 2, 1922.)

BOGUE SUPPLY COMPANY, a Utah Corporation, Respondent, v. WILLIAM F. DAVIS and G. R. NICKEY, Copartners Doing Business Under the Firm Name and Style of NICKEY & DAVIS, and Said NICKEY & DAVIS, Defendants, and G. R. NICKEY, Appellant.

[210 Pac. 577.]

APPEAL AND ERROR—ADVERSE PARTY—WHEN ENTITLED TO NOTICE OF APPEAL—COPARTNERSHIP—HOW ESTABLISHED—BURDEN OF PROOF.

1. Defendants Davis and Nickey, who were nonresidents, were sued as copartners. Davis employed counsel to represent both defendants, but stated that he being an attorney would prepare his answer. Counsel not being further advised by Davis, to avoid default filed an answer for both defendants, based upon the representations of Davis, which he afterward concluded were untrue, and before trial asked and was given leave to withdraw the answer and his appearance for Davis, and filed a separate answer for Nickey, which denied the partnership. Davis did not further appear. The jury found against both defendants, but judgment was entered against "the defendant," without further designation. *Held*, that appellant Nickey was not required to serve Davis with notice of appeal.

2. Where counsel has appeared and answered for two or more defendants sued jointly and severally, and is subsequently permitted to withdraw the answer and his appearance for one defendant, who had failed to appear further, and no attempt is made to substitute counsel as required by C. S., sec. 6577, judgment cannot be taken against such nonappearing defendant, and in case of judgment against the remaining defendant, on appeal he is not required to give notice to his codefendant.

3. One cannot be held liable as a copartner of another upon the unauthorized statements of such other person, unless the person denying the partnership has by some act or failure to act misled a third person to his injury who has relied upon such representations.

4. Where credit has been extended to an alleged copartnership, and one of the parties charged as a copartner denies its existence, and there is no evidence to support the allegations of copartnership other than the representations of the party making the same, the existence of the partnership is not established, and a judgment against the defendant denying the partnership will be set aside.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Action to recover for goods, wares and merchandise sold and delivered. From judgment for plaintiff, defendant Nickey appeals. *Reversed.*

E. W. Whitcomb, for Appellant.

Where service is properly made upon any party to the record of the notice of motion for a new trial, and the notice of appeal is served upon the same parties, a motion to dismiss the appeal on the ground that service has not been made upon all the adverse parties will be denied. (*In re Ryer's Estate,* 110 Cal. 556, 42 Pac. 1082; *Watson v. Sutro,* 77 Cal. 609, 20 Pac. 88; *Harper v. Hildreth,* 99 Cal. 265, 33 Pac. 1103; *In re Bullard's Estate,* 114 Cal. 462, 46 Pac. 297.)

Davis was not an adverse party under the provisions of C. S., sec. 7153, for the reason that his interest cannot be injuriously affected by a reversal of the judgment, or the order of the court in denying a new trial. (*Nelson-Bennett Co. v. Twin Falls L. & W. Co.,* 13 Ida. 767, 13 Ann. Cas.

172, 92 Pac. 980; *The Victorian,* 24 Or. 121, 21 Am. St. 838, 32 Pac. 1040; 2 Spelling on New Trial and Appellate Practice, 1st ed., sec. 537, pp. 1143–1145; 2 R. C. L. 109, sec. 86; *Bell v. San Francisco Savings Union,* 153 Cal. 64, 94 Pac. 225; *Mannix v. Tryon,* 152 Cal. 31, 91 Pac. 983; *Sullivan v. Sullivan,* 139 Iowa, 117 N. W. 1086, 22 L. R. A., N. S., 691; *Green v. Berge,* 105 Cal. 52, 45 Am. St. 25, 38 Pac. 539; *Jackson v. Superior Court,* 20 Cal. App. 638, 129 Pac. 946; *McClain v. Lewiston Interstate & Racing Assn.,* 17 Ida. 63, 104 Pac. 1015, 25 L. R. A., N. S., 691; *New Mexico & S. P. R. Co. v. Madden,* 7 N. M. 215, 34 Pac. 50.)

The notice of appeal does not have to be directed to anyone. (*Westheimer v. Thompson,* 3 Ida. 560, 32 Pac. 205; sec. 7153, C. S.; *Idaho Comstock v. Lundstrum,* 9 Ida. 257, 74 Pac. 975; *Frost v. Alturas Water Co.,* 11 Ida. 294, 81 Pac. 996.)

If Davis was in the position of a defaulted party, then no notice of appeal was required to be served upon him. (*Randall v. Hunter,* 69 Cal. 80, 10 Pac. 130; *Jackson v. Brown,* 82 Cal. 144, 23 Pac. 142; *Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192; *Boob v. Hall,* 107 Cal. 160, 40 Pac. 117; *McKeaney v. Black,* 114 Cal. 494, 46 Pac. 381; *Oleson v. Wilson,* 20 Mont. 544, 63 Am. St. 639, 52 Pac. 372.)

No statement made by Davis is proper proof of a copartnership between him and Nickey. The admission of letters written by Davis, for the purpose of showing partnership between him and Nickey, was prejudicial error. (*Vanderhurst, Sanborn & Co. v. De Witt,* 95 Cal. 57, 30 Pac. 94, 20 L. R. A. 595; *Salinas City Bank v. De Witt,* 37 Cal. 78, 31 Pac. 744; *Grafton Bank v. Moore,* 13 N. H. 99, 38 Am. Dec. 478, and note.)

R. P. Quarles and A. C. Cherry, for Respondent.

Sued as a joint party—as a copartner of appellant—and being one of the defendants in the judgment, Davis was and is a necessary party, and would be affected by a reversal of judgment, either as to both defendants or as to the appel-

lant. Failing to make Davis a party to these appeals, the court has no jurisdiction to hear either of them, and they should be dismissed. (C. S., sec. 7153; *Titiman v. Alamance M. Co.,* 9 Ida. 240, 74 Pac. 529; *Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042; *Miller v. Wallace,* 26 Ida. 373, 143 Pac. 524; *State Bank v. Watson,* 27 Ida. 211, 148 Pac. 470; *Bridgham v. National Pole Co.,* 27 Ida. 214, 147 Pac. 1056.)

The judgment being joint against the appellant and defendant Davis, he is a necessary party to the appeals. (*Jones v. Quantrell,* 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80; *Lydon v. Goddard,* 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft,* 6 Ida. 104, 53 Pac. 271; *Doust v. Rocky Mtn. Bell Tel. Co.,* 14 Ida. 677, 95 Pac. 209; *Glenn v. Aultman etc. Co.,* 30 Ida. 727, 167 Pac. 1163.)

Appellant having named the plaintiffs only in his notice of appeal, the appeal is limited to the parties so named, and even if he had served the notice of appeal upon the defendant Davis, that would not make Davis a party to the appeal, the parties being limited to those named in the notice of appeal. (*Glenn v. Aultman etc. Co., supra; Williams v. Sherman,* 34 Ida. 63, 199 Pac. 646; *Hibernia Sav. & Loan Soc. v. Lewis,* 111 Cal. 519, 44 Pac. 175; *In re Pendergast's Estate,* 143 Cal. 135, 76 Pac. 962.)

Where there is some evidence to support the verdict of the jury, the judgment must be affirmed. (*Lott v. Oregon S. L. R. R. Co.,* 23 Ida. 324, 130 Pac. 88; *Quirk v. Sunderlin,* 23 Ida. 368, 130 Pac. 374; *Denbeigh v. Oregon-Wash. etc. Co.,* 23 Ida. 663, 132 Pac. 112.)

LEE, J.—Respondent alleges that it is a corporation, domiciled in and doing a general mill and mining supply business from Salt Lake City, Utah; that in 1917 it sold and delivered certain mining and milling machinery to the defendants William F. Davis and G. R. Nickey, who were copartners doing a mining and milling business at Shoup, Lemhi county, Idaho, under the firm name and style of Nickey & Davis. The prayer demands judgment against

said defendants William F. Davis and G. R. Nickey and said partnership, jointly and severally.

Defendants were residents of Butte, Montana, but were at the time engaged in operating the Kentuck Mining Company's property at Shoup, Idaho. Soon after defendants were served with process, defendant Davis appeared at the office of E. W. Whitcomb, Esq., in Salmon, and retained his services on behalf of the defendants and deposited certain papers with him, Davis saying that he was an attorney, and upon his return from Butte would prepare an answer, which he never did. This was the last time the attorney ever met or heard from Davis, and in order to avoid a default, said attorney prepared on behalf of defendants an answer, in which he admitted, by failing to deny, the copartnership relation between Nickey and Davis.

At the beginning of the trial of the cause, appellant Nickey appeared and informed said counsel that the information given him by Davis as to appellant and Davis being partners was untrue, and counsel, believing that such representations were untrue, asked leave of the court to withdraw the answer which he had filed on behalf of both defendants, and to withdraw his appearance as counsel for Davis, which request was granted. He then filed an answer on behalf of appellant, denying all partnership relations between the two defendants, and alleged other facts and circumstances which tended to show that Nickey was not a copartner of Davis and had not in any manner acquiesced in or had any knowledge of the purchase of the milling machinery and óther merchandise for which the action was being prosecuted against himself and Davis, and had not in any manner authorized its purchase. Defendant Davis failed to make any further appearance, and said counsel who had appeared for both defendants, before withdrawing his answer and appearance for Davis, stated that he had endeavored in every reasonable way to find his whereabouts, but had been unable to do so.

The cause was tried by the court with a jury upon the complaint charging that Nickey and Davis were copartners,

and the answer of appellant Nickey denying all the material averments of said complaint. Upon the issues thus tendered by the separate answer of Nickey, no further appearance on the part of Davis, nor attempt to substitute counsel for him, being had, the case was tried, which resulted in a verdict of the jury finding ''in favor of the plaintiff and against the defendant William F. Davis and G. R. Nickey, and assessing plaintiff's damage in the sum of $814.09.'' Judgment was entered upon said verdict ''that said plaintiff have and recover from said defendant the sum of $814.09 and costs, etc.'' Thereafter Nickey moved for a new trial, which was denied, and from the judgment and order denying a new trial this appeal is taken by the appellant Nickey.

Respondent moves to dismiss the appeal on the ground that defendant Davis is a necessary party, that the failure of appellant to serve notice of appeal on Davis divests this court of jurisdiction to hear the appeal, for the reason that the judgment is joint as well as several against appellant Nickey, and that Davis is an adverse party and entitled to notice of appeal.

In *Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042, it is held that the term ''adverse party,'' as used in C. S., sec. 7153, means every party who has an interest in conflict with a reversal of the judgment, or whose rights might be adversely or injuriously affected by a reversal of the judgment, irrespective of whether such party be plaintiff, defendant or intervenor, and that where a joint judgment is rendered against two or more parties and an appeal is taken by one of the parties against whom such joint judgment has been rendered, then all other parties against whom such joint judgment has been rendered are adverse parties, and notice of appeal must be served upon each in order to give this court jurisdiction.

In *Weeter Lumber Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289, it is held that where the same counsel is attorney for three defendants, and only one of them appeals, notice of the appeal need not be served upon the nonappealing defendants or their counsel. The attorney

who represents appellant in this appeal is the only attorney that has ever appeared for either defendant in the action.

C. S., sec. 6574, provides that the attorney in an action may be changed at any time before judgment or final determination of the cause, upon his own consent, filed with the clerk or entered upon the minutes. It would therefore seem clear that the withdrawal of the attorney's appearance for the defendant Davis at the beginning of the trial was permissible under this statute.

C. S., sec. 6577, provides that when one party's attorney dies, is removed, suspended or ceases to act as such, the adverse party must, before any further proceedings can be had, by written notice require such party to appoint another attorney or to appear in person. No attempt was made by respondent to comply with this provision of the statute, nor was there any default entered against Davis, but the case proceeded to trial in the same manner as if the answer filed on behalf of both defendants had not been withdrawn and a new answer filed for appellant Nickey. The verdict, in form at least, is a finding against the defendants jointly and severally, but the judgment entered thereon is against "said defendant," without in any manner indicating which defendant is intended. It is clear, however, that after the withdrawal of the joint answer and of the appearance of the attorney for defendant Davis, the respondent could not, without taking any action to substitute other counsel or to notify Davis to do so, obtain a judgment against him. (*McMunn v. Lehrke,* 29 Cal. App. 298, 155 Pac. 473.)

It must be conceded that the cases which attempt to define the term "adverse party," as used in this statute, do not furnish an infallible rule for determining under all circumstances who is an adverse party within the meaning of this section, and it is a safe rule on taking an appeal to serve all parties to the action whose interests may be adversely affected by a reversal of the judgment. (*Jones v. Quantrell,* 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80; *Diamond Bank v. Van Meter, supra; Miller v. Wallace,* 26 Ida. 373, 143 Pac. 524; *State Bank v. Watson,*

27 Ida. 211, 148 Pac. 470; *Glenn v. Aultman & Taylor M. Co.*, 30 Ida. 727, 167 Pac. 1163; *Kline v. Shoup*, 35 Ida. 527, 207 Pac. 584.) Where, however, as in this case, counsel who was acting for both parties was permitted to withdraw his appearance for one of them and the joint answer he had filed, and no effort was made by respondent to comply with the requirements of C. S., sec. 6577, and a judgment was entered against the remaining defendant only, a failure to serve the defendant against whom no judgment could have been taken, in this state of the record, will not deprive this court of jurisdiction to hear and determine the appeal, and the motion to dismiss will be denied.

Considering the cause upon merit: Appellant makes seven assignments of error, all of which are predicated upon the alleged error of the trial court in refusing to grant appellant a new trial on the ground of the insufficiency of the evidence to create a liability against appellant as a copartner of the defaulting defendant, Davis.

It appears that all of the negotiations for the sale of this merchandise were carried on by the defendant Davis, either in person, at Salt Lake City, or through letters and telegrams written by him to the plaintiff, it acting through its business manager, M. J. McGill, who testified that he was the manager for the respondent company and that he conducted the negotiations for the sale of this merchandise, either with the defendant Davis in person or by correspondence, much of which correspondence appears in the record as exhibits. McGill was asked:

"Q. And all you know about any partnership existing between Mr. Nickey and Mr. Davis is what Mr. Davis told you? A. What Mr. Davis told me, and what he wrote in his letters, yes."

Much of this correspondence was carried on on behalf of Davis upon printed letter-heads reading "William F. Davis, Attorney at Law, Butte, Montana, Silver Bow Block," some of which had typewritten above the printing, "Nickey & Davis, Mine Operators—G. R. Nickey, William F. Davis." The greater number of letters and telegrams written by re-

spondent in the course of its negotiations, and its subsequent letters attempting to collect this unpaid balance, were addressed to Davis, and it nowhere appears that appellant had any knowledge of the use that was being made of his name by Davis.

The mining machinery in question was purchased for use at what was known as the "Kentuck Mining Company property," near Shoup, Lemhi county, Idaho, which was being operated under a lease owned by Grove & Sons, who had transferred to each of the defendants one-fourth of the capital stock of this company for a consideration of $6,500. Appellant paid outright for his stock, but defendant Davis, after negotiating with the other owners of the company, sought to discharge his obligation for stock in part by furnishing certain milling machinery and appliances needed for the operation of the mine. It is a fair inference from the record that in seeking to obtain credit for such purposes, he found it desirable to represent that appellant was associated with him in this enterprise as a partner. But aside from his representations, there is nothing in the record which indicates that appellant ever authorized him to make such representations, or knew that they were being made, or that he in any manner acquiesced in the same after they were made. On the contrary, he testifies, and in this respect is corroborated by Grove & Sons, the other members of the company, that the acts of Davis in holding him out as a partner were wholly unauthorized, that he had no knowledge that such representations were being made until after the commencement of this action, and that he was not in fact associated with defendant Davis otherwise than as a stockholder and officer of this company.

It is a well-settled rule of law that one cannot be held liable as a copartner of another upon the unauthorized and false representations of such person, unless he has, either by some act or failure to act, misled a third party into relying upon such representations. Respondent having alleged the existence of this copartnership and based its right to recover upon the existence thereof, and thereafter through

36 Idaho.—17

its general manager admitted that it had no knowledge of such relationship between defendants other than what its manager had been told by the defaulting defendant, Davis, we think the lower court erred in not sustaining appellant's motion for a new trial.

The cause is reversed, with instructions to vacate the judgment and grant a new trial. Costs awarded to. appellant.

McCarthy and Dunn, JJ., concur.