(May 1, 1924.)

BARNEY RICHARDSON, Appellant, v. J. W. BANBURY,
Respondent.

[225 Pac. 1023.]

APPEAL—DISMISSAL — RECORD — JURISDICTION — SERVICE OF NOTICE OF
APPEAL.

The provisions of C. S., sec. 7153, relating to the mode of
taking .appeals, are mandatory and there must be a strict com-
pliance therewith in order to give this court jurisdiction. The
record must affirmatively show that the notice of appeal has been
served upon the adverse party or his attorney as required by said
section or the appeal will be dismissed.

APPEAL from the District Court of the Fourth Judicial
District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for wages. Judgment for Respondent. *Appeal
dismissed.*

T. S. Risser, for Appellant.

Bissel & Bird, for Respondent.

Counsel cite no authorities on point decided.

BUDGE, J.—This action was originally brought in the
probate court by appellant to recover money claimed to be

due for wages. Judgment was rendered in his favor. An appeal was taken to the district court where the cause was tried by the court and a jury, the latter's verdict being in favor of respondent. Judgment was thereupon entered in accordance with the verdict of the jury, from which judgment this appeal is taken.

An examination of the record fails to disclose that the notice of appeal has been served upon the adverse party or his attorney, as required by C. S., sec. 7153, which provides, *inter alia,* that:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof and serving a similar notice on the adverse party or his attorney. . . . . "

In the case of *Adams v. McPherson,* 3 Ida. 718, 34 Pac. 1095, in considering sec. 4808, Revised Statutes (now C. S., sec. 7153), this court said:

"This section is mandatory, and requires appellant to file with the proper clerk, and to serve on the adverse party or his attorney, the notice of appeal. The appeal is taken by complying with the requirements of said section, and without compliance therewith an appeal cannot be taken. The jurisdiction depends upon a compliance with the provisions of said section, and the record on appeal must affirmatively show that the notice of appeal was served upon the adverse party or his attorney, to give this court jurisdiction to determine the case upon its merits."

To the same effect see: *Anderson v. Knott,* 1 Ida. 626; *Doust v. Rocky Mountain Bell Tel. Co.,* 14 Ida. 677, 95 Pac. 209; *The Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042; *Chapman v. Boehm,* 27 Ida. 150, 147 Pac. 289; *State Bank v. Watson,* 27 Ida. 211, 148 Pac. 470; *Bridgham v. The National Pole Co.,* 27 Ida. 214, 147 Pac. 1056; *Miller v. Wallace,* 26 Ida. 373, 143 Pac. 524; *Cook v. Miller,* 30 Ida. 749, 168 Pac. 911; *Davis v. Bach,* 33 Ida. 551, 196 Pac. 673.

There being no proof of service upon the adverse party or his attorney contained in the record and the same being essential to give this court jurisdiction, the appeal should be dismissed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., and William A. Lee, J., concur.