(May 27, 1924.)

## PETER BAIN, Appellant, v. EUGENE TOLLEY, Respondent.

[226 Pac. 1069.]

APPEAL AND ERROR—NOTICE OF APPEAL—TRANSCRIPT—FAILURE TO INCLUDE COPY OF NOTICE OF APPEAL—EFFECT.

1. In an appeal from the district court to the supreme court, the transcript must contain a copy of the notice of appeal.

2. An attempted appeal will be dismissed where the appellant fails to furnish the supreme court with a copy of the notice of appeal.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action to foreclose a mortgage on real property. Judgment for defendant. *Appeal dismissed.*

W. A. Beakley, for Appellant.

O. A. Johannesen, for Respondent.

Counsel cite no authorities on points decided.

WM. E. LEE, J.—This is an action to foreclose a mortgage on real property. It was tried before the court, with a jury acting in an advisory capacity. The jury answered certain interrogatories favorably to respondent. The court made findings of fact and conclusions of law, and on December 29, 1921, made and entered judgment for respondent and against appellant.

The legislature has provided a method of taking appeals from the district court. An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice of appeal, and serving a similar notice on the adverse party or his attorney. (C. S., sec. 7153.) The transcript in the instant case does not

contain anything purporting to be a copy of a notice of appeal; neither does it contain any evidence whatever that any notice of appeal has been served on the opposite party or his attorney, or filed in the district court. C. S., sec. 7163, provides that, on an appeal from a judgment, the appellant *must* furnish this court with a copy of the notice of appeal. (See, also, C. S., secs. 7164 and 7165.)   The furnishing to this court of a copy of the notice of appeal is necessary because the statute requires it, and also that this court may determine if any such notice was served upon the opposite party and filed in the lower court within the time provided. The jurisdiction of this court depends upon a compliance with these sections of the statute. (*Richardson v. Banbury, ante,* p. 1, 225 Pac. 1023; *Green v. Morrison,* 37 Ida. 420, 216 Pac. 1035; *Kimzey v. Highland Livestock & Land Co.,* 37 Ida. 9, 214 Pac. 750; *Davis v. Bach,* 33 Ida. 551, 196 Pac. 673; *Cook v. Miller,* 30 Ida. 749, 168 Pac. 911; *Stevens v. Hall,* 9 Ida. 233, 73 Pac. 527; *Adams v. McPherson,* 3 Ida. 718, 34 Pac. 1095; *Tootle v. French,* 3 Ida. 1, 25 Pac. 1091; *Caldwell v. Ruddy,* 1 Ida. 760; *Anderson v. Knott,* 1 Ida. 626; *People v. Lynch,* 1 Ida. 358.)

The attempted appeal should be dismissed, and it is so ordered. Costs to respondent.

McCarthy, C. J., Budge and William A. Lee, JJ., and Adair, District Judge, concur.