·(August 1, 1903.)·

## STEVENS v. HALL.

[73 Pac. 527.]

Appeal from Judgment—Notice of Appeal—Record must Contain Notice.—Where an appeal is taken from the judgment, the record must contain the notice of appeal. It is not sufficient for the clerk to certify that such notice was filed.

(Syllabus by the court.)

APPEAL from final judgment for defendants. Appeal dismissed. Honorable Joseph C. Rich, Judge.

V. Rapp, for Appellant, cites no authorities upon the point decided by the court.

John A. Bagley, for Respondents, cites no authorities upon the point.

STOCKSLAGER, J.—The plaintiff, appellant, commenced his action in the district court of Bear Lake county against the defendants, praying for a judgment for the sum of $1,888.28, with interest at the rate of ten per cent per annum and costs of suit. He bases his right of recovery on a former judgment of the same court alleged to have been rendered on the eighth day of April, 1893.

The record shows that this complaint was filed on the twenty-fifth day of March, 1899. On the sixth day of January, 1900, the defendants filed the following motion: "Come now the defendants herein and move the court to dismiss said action for the reason that no such process as the one at bar is known to the laws of Idaho." On the same day they also filed a demurrer as follows: "Come now the defendants—naming them—and without waiving their rights under the motion to quash and dismiss the complaint, demur to the complaint and for cause of demurrer allege: That the complaint does not state facts sufficient to constitute a cause of action."

The next thing shown by the record is the following entry: "Be it remembered that this case came regularly on, for the entry of judgment, T. L. Glenn appearing as counsel for the plaintiff and John A. Bagley appearing as counsel for the defendants. The demurrer to the complaint having been heretofore argued, submitted and sustained, and the court having ordered that a judgment be entered, dismissed said action. It is therefore ordered, adjudged and decreed that said demurrer to the complaint be sustained and that said action be dismissed. That said defendants had judgment against plaintiff for their costs and disbursements herein taxed at $——.

"Done in open court this twelfth day of August, 1902.

"Received notice of filing and entry of the above judgment this twelfth day of August, 1902.

"T. L. GLENN,
"Attorney for Plaintiff."

"Notice of appeal filed January 30, 1903 (service of copy admitted by attorney for defendants)."

Undertaking on appeal filed January 30, 1903. Then follows what purports to be the clerk's certificate:

"State of Idaho, } ss.
Bear Lake County. }

"I hereby certify that the foregoing printed transcript is a full, true and correct transcript of the proceedings had in the foregoing entitled action and of the judgment therein rendered from which the appeal is taken, and I hereby further certify that the notice of appeal and undertaking on appeal was duly filed in said cause as above indicated as the same appears on record now on file in my office."

This is all the information we can obtain from the transcript and all it contains; in other words we have given a complete copy of the transcript.

It will be observed that the record does not contain a copy of the notice of appeal, the only reference to such notice being in the certificate of the clerk.

Section 4818, Revised Statutes, says: "In an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or statement in the case upon which the appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made upon the minutes of the court as provided in section 4443, or any bill of exceptions settled as provided in sections 4429 or 4430, or used on a motion for a new trial may be used on appeal from a final judgment equally as upon appeal from the order of granting or refusing the new trial."

Respondents filed the following motion to dismiss appeal: "Come now the respondents and move the court to dismiss the appeal herein on the following grounds, to wit: 1. That

the supposed judgment appealed from in this case is not an appealable order or judgment; 2. That no notice of appeal has been served or filed in this case."

This court has frequently held that all papers required by the above sections should be furnished the court on appeal, and the record failing to contain the notice of appeal, the motion to dismiss must be sustained.

Sullivan, C. J., and Ailshie, J., concur.