(July 5, 1923.)

## HYRUM GREEN and ALBERT GARDNER, Respondents, v. BYRON MORRISON, Appellant.

[216 Pac. 1035.]

APPEAL AND ERROR—SERVICE OF NOTICE OF APPEAL—TRANSCRIPT ON APPEAL—COURT RULES—FAILURE TO FILE TRANSCRIPT IN TIME GROUND OF DISMISSAL.

1. C. S., sec. 7153 requires a copy of notice of appeal to be served upon the adverse party or his attorney, and where there is no showing in the record of such service, and opposing counsel by affidavit deny receiving any notice, the appeal will be dismissed.

2. Under Rule 26 of this court as it was in effect August 20, 1921, an appellant was given sixty days in which to file and serve his transcript on appeal, and under Rule 29 if such transcript was not filed and served within this time or some extension thereof, the appeal might be dismissed. Where an appeal was perfected August 20, 1921, and the transcript on appeal was not settled by the trial judge until November 28, 1921, and was not served on opposing counsel until December 7, 1921, no extension having been asked for or granted, the appeal will be dismissed on motion of the adverse party.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Motion to dismiss appeal. Appeal *dismissed.*

John W. Jones and Guy Stevens, for Respondents.

It does not affirmatively appear from the transcript that the notice of appeal has been served as required by C. S., sec. 7153. (*Chapman v. Boehm,* 27 Ida. 150, 147 Pac. 289.)

No diligence or attempted compliance with the rules of this court is shown upon the part of the appellant. The appeal should be dismissed for this reason. (*Bohannan Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12; *Hansen v. Boise-Payette Lumber Co.,* 31 Ida. 600, 174 Pac. 703.)

W. A. Beakley, for Appellant, cites no authorities on points decided.

WILLIAM A. LEE, J.—A motion is made to dismiss the appeal in this case upon two grounds: First that no notice of appeal from the judgment was ever served upon the respondents or their attorneys of record; second, that the appellant has not complied with Rule 26 of this court relative to the filing and service of the transcript on appeal.

As to the first ground: An inspection of the transcript shows that final judgment was entered in this case in favor of respondents on July 2, 1921. On August 20th thereafter counsel for appellant filed with the clerk of the court below his notice of appeal from such judgment. The record contains the following memorandum, apparently made by counsel for appellant, upon the notice of appeal:

"Copy of the above notice sent to the above attorneys and original mailed to the Clerk of said court on above date. W. A. B."

There is no other showing that service was ever made upon the adverse parties, and counsel for respondents file affidavits in support of their motion to dismiss showing that no service of such notice of appeal was in fact ever served upon them. It is clear that appellant has not complied with C. S., sec. 7153, which requires a copy of the notice of appeal to be served "upon the adverse party or his attorney."

As to the second point urged by respondents: The record shows that the appeal was perfected on August 20, 1921, and the praecipe for the clerk's transcript was filed the same day. The cause was submitted upon a stipulation of facts, and no reporter's transcript was used. An affidavit by the clerk of the lower court shows that thereafter on August 22d the clerk notified counsel for appellant of the amount of the fees required, and made a request for payment of the same on August 31st. Such fees were not in fact paid to the clerk until October 21st. The transcript was not settled by the trial court until November 28, 1921,

and the affidavits of counsel show that it was not served upon them until December 7, 1921.

Rule 26 of this court, in effect at the time of the taking of this appeal (Rules adopted Dec. 27, 1919, in effect Feb. 25, 1920), provided:

"In all cases where an appeal is perfected, transcripts of the record (showing the date of filing the notice and undertaking on appeal) must be served upon the adverse party and filed in this court within sixty days after the appeal is perfected."

Rule 28 provides:

"Upon good cause shown by affidavit, or upon stipulation of the parties that good cause exists therefor, filed with the clerk, the time limit in which a transcript may be served and filed, as set forth in Rule 26, may be extended by an order of the court or a justice thereof."

No showing is made in the instant case that such an order extending the time for filing and serving the transcript was obtained or asked for. An inspection of the record shows that more than sixty days elapsed between the filing of the notice of appeal and the service of the transcript upon opposing counsel.

Rule 29 provides:

"If the transcript of record is not filed within the time prescribed by Rule 26, the appeal may be dismissed. Five days notice of motion to dismiss, under this rule, accompanied by copies of all moving papers, shall be served upon the adverse party or parties."

Such notice is shown to have been given, and all the formal requirements of a motion to dismiss, as set forth in Rule 30, have been complied with.

There having been a failure to comply with the statutory requirements and the rules of this court relative to appeals, and no showing of diligence having been made on the part of appellant, the appeal should be dismissed, and it is so ordered.

McCarthy, Dunn and William E. Lee, JJ., concur.